Odell *vs.* Wootten.

---

JOHN W. ODELL, plaintiff in error, *vs.* JOSEPH WOOTTEN, defendant in error.

1. Security on an appeal bond, under our Code, only binds himself for the payment of the debt or damages for which *judgment may be entered* in the cause, and if no judgment is ever entered against the principal in the cause, no liability attaches to the security.

2. As Congress has the power, under the Constitution, to establish uniform laws on the subject of bankruptcies throughout the United States, and as the Act of Congress forbids the prosecution of an action against a person adjudged a bankrupt, until the question of his discharge has been determined, and relieves him, when discharged, from all debts and liabilities, etc., which might have been proved against his estate, a security on the appeal in this State is no longer liable, when the principal is discharged in bankrupty: which discharge of the principal terminates the case pending in the State Court against him, and prevents any judgment. The security on the appeal does not contract to pay the debt, but the judgment that may be entered in the suit then pending.

Bankruptcy. Security on appeal. · Decided by Judge PARROTT. Fulton Superior Court. October Term, 1868.

Odell sued Wootten, and had judgment. Wootten appealed to the Superior Court, giving security, and there plead that, on the 19th day of May, 1868, he had been duly adjudged a bankrupt, (vouching the record of the discharge,) and was thereby discharged from said demand. Plaintiff's attorneys demurred to said plea, contending that, though Wootten was so discharged, they had a right to proceed to judgment against the security on the appeal.

The Court overruled the demurrer, and ordered the case dismissed at plaintiff's costs. This is assigned as error.

HAMMOND, MYNATT & WELBORN, for plaintiff in error.

HILL & CANDLER for defendant in error.

BROWN, C. J.

The defendant in this case became security on an appeal bond, executed for the purpose of taking an appeal from the judgment of the County-Court to the Superior Court, as provided by law, prior to the adoption of our new Constitution, by which such an appeal is no longer allowed. The effect of the appeal was to bring up the whole case for a new trial before a special jury.

After this appeal was entered, the principal in the Court below, who had entered the appeal, was adjudged a bankrupt, and was fully discharged as such in the proper Court. And the question presented for our adjudication is, did this discharge of the principal, discharge the security on the appeal? We think it did.

1. The Revised Code, section 3559, provides, that the appellant, before entering such appeal, shall pay all costs which may have accrued, and give bond and security for the eventual condemnation money.

Section 3564 declares, that such security shall be bound for the *judgment* on the appeal, and that he may be compelled to pay off the debt or damages for which *judgment may be entered.* This is the extent of his liability. He does not contract to pay the debt or damages absolutely, but only the

debt or damages for which "judgment may be entered" on the trial of the appeal. To illustrate: Suppose A sues B in an action of assumpsit on a promissory note under seal, and the *petit* jury renders a verdict in his favor, and B enters an appeal to a special jury, and C signs the appeal bond as security, as the statute terms it: After the appeal, A finds that he can not maintain his action of assumpsit on the sealed instrument, and he dismisses it, and afterwards begins an action of debt against B for the recovery of the same amount, due on the same promissory note under seal: will it be contended that C, the security on the appeal in the first action, which has been dismissed, is liable for the judgment that may be entered against B in the second action? Certainly not.

B did not become a surety for the payment of the debt, he only contracted to pay the judgment that might be entered in the action then pending; and when that case went out of Court, the liability went with it. In other words, as no judgment was rendered against his principal, no liability attached to him.

2. But it is insisted by counsel for plaintiff in error, that the act of Congress known as the Bankrupt Act, section 33, is the paramount law on this subject, and that it enacts, that the discharge of the principal, as a bankrupt, shall not discharge the security. A careful perusal of the Act will show that this applies only to a surety who contracted to become liable for the payment of the *debt*, and not for the payment of the *judgment* to be entered in a particular action then pending. Its language is, "no discharge granted under this Act, shall release, discharge or affect, any person *liable* for the *same debt*, for or with the bankrupt, either as partner, joint contractor, indorser, security or otherwise." This clearly contemplates a case where the security contracts to become liable with the principal for the payment of the debt.

This same Act, (section 21,) which, under the Constitution of the United States, is, we admit, the paramount law on this subject, declares that no creditor, whose debt is provable under this Act, shall be *allowed to prosecute* any suit at law or in equity, to *final judgment*, against the debtor, after he is

adjudged a bankrupt, until the question of his discharge has been determined.

Again, it is declared, in section 54, that the discharge duly granted under this Act shall, with the exceptions aforesaid, (which do not apply in this case,) release the bankrupt from all debts, claims, liabilities and demands which were or might have been proved against his estate in bankruptcy.

Wooten's contract, when he signed the appeal bond, was to pay the judgment that might be entered in that case. His principal was afterwards adjudged a bankrupt, and discharged as such. And the paramount law says, as the claim was provable in bankruptcy, that the principal shall be absolutely released from the debt, and that no judgment shall ever be entered in the case. Upon this state of facts, we hold that Wooten, the security on the appeal, has complied with his contract, and his liability ceases.

Judgment affirmed.