SAMUEL WILLIAMS v. ATKINSON & CHAPPELL.
B. F. PARKS v. ATKINSON & CHAPPELL.

Action upon open account instituted January 3d, 1868, by attachment. *Pendente lite*, defendants were adjudged bankrupts and received their discharges, which they pleaded in bar. Plaintiffs demurred to the plea, and the court below sustained the demurrer and rendered judgment against the defendants, notwithstanding their discharge in bankruptcy. *Held* to be error. A plea of discharge in bankruptcy is a good plea in bar to an action commenced in our State courts by attachment, even though the suit by attachment was commenced more than four months previous to the adjudication in bankruptcy. The remedy of the plaintiffs in attachment is in the United States court under the bankrupt law.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

The opinion of the court sufficiently indicates the material facts of this case.

*Hancock & West*, for appellants.

*Robards & Blackburn*, and *Sayles & Bassetts*, for appellees.

WALKER, J. Why the District Court should have disregarded the plea of bankruptcy we are at a loss to understand. The discharge was somewhat inartistically plead, but we hold it to have been sufficiently well pleaded, and it was a bar to the action, and must be so regarded.

The same may be said in No. 342, and the same judgment rendered. The cases stand upon the same principle.

The judgments are reversed and the causes dismissed.

WALKER J. These were ordinary suits on open account, and the amount claimed by the plaintiffs was not disputed.

The petitions were filed on the 3d day of January, 1868, and attachments were sued out on the same day, and subsequently levied on certain cotton and corn. In both cases the defendant was adjudged a bankrupt, *pendente lite*, and before the final hearing they were discharged and plead their discharges in bar. The court, disregarding their pleas, rendered personal judgments, and the attached property having been replevied and special bail put in, the judgment required the production and sale of the property.

Our opinion heretofore delivered in these cases was very brief, and perhaps did not sufficiently state the grounds on which it rested; hence we are now considering a motion for rehearing. The discharge in bankruptcy was certainly good in each case, to bar a recovery *in personam* against the bankrupt. The judgments were therefore erroneous in this respect.

The claims were provable in the bankrupt court, and we must now view the case in the light of the bankrupt

2

law of March 2d, 1867, the 21st section of which reads as follows :—

"No creditor proving his debt or claim shall be allowed to "maintain any suit at law or in equity therefor against the bank- "rupt, but shall be deemed to have waived all right of action "and suit against the bankrupt; and all proceedings already "commenced, or unsatisfied judgments already obtained thereon, "shall be deemed to be discharged and surrendered thereby; and "no creditor ·whose debt is provable under this act shall be al- "lowed to prosecute to final judgment any suit at law or in equity "therefor, against the bankrupt, until the question of the debtor's "discharge shall have been determined ; and any such suit or pro- "ceedings shall, upon the application of the bankrupt, be stayed "to await the determination of the court in bankruptcy on "the question of the discharge, provided there be no unreason- "able delay on the part of the bankrupt in endeavoring to obtain "his discharge, and provided also, that if the amount due the "creditors is in dispute, the suit, by leave of the court in bank- "ruptcy, may proceed to judgment for the purpose of ascertain- "ing the amount due, which amount may be proved in bank- "ruptcy, but execution shall be stayed as aforesaid."

The plaintiffs below having secured a lien on the property attached more than four months before the defendant in either case had been declared a bankrupt, the lien was undoubtedly good, and the claims could have been proven under the 22d section of the Bankrupt Act, as secured claims, and under the 20th section of the Act, they could and should have had the value of their securities ascertained ; but they chose, in disregard of the Bankrupt Act, to press their claims to an erroneous judgment, and this court, being unable to see how they could retrace their steps to bring themselves within the law, deemed it obligatory to dismiss the case. If the appellees have any remedy, it is in the bankrupt court ; and being fully satisfied that it is impossible for them, in view of the provisions of the bankrupt law, to press their proceedings in the State courts beyond where they have already gone, and that there has been

manifest and gross error committed in the District Court, we affirm our former judgment, reversing the judgments and dismissing the cases.

Reversed and dismissed.