### EDWARD P. HAMILTON *vs.* HENRY J. BRYANT.

Where a defendant has been discharged in bankruptcy, a special judgment cannot be entered to enable the plaintiff to avail himself of a bond given to discharge an attachment in the suit, although the attachment was made more than four months before the commencement of the bankruptcy proceedings and the bond given after the adjudication of bankruptcy and before the discharge.

CONTRACT for work done. The writ was dated July 12, 1870, and an attachment of the defendant's real estate was made the same day. At September term, 1871, of the Superior Court, there was a trial and a verdict for the plaintiff. Exceptions were taken by the defendant, but were waived in October, 1872. June 14, 1872, the defendant filed his petition in bankruptcy, and was duly adjudged a bankrupt; and January 25, 1873, obtained his discharge in bankruptcy, and pleaded it in the suit. After the filing of the defendant's petition in bankruptcy and the adjudication thereon, and before his discharge, he gave, July 22, 1872, under Gen. Sts. *c.* 123, § 104, a bond with sureties to dissolve the attachment.

The plaintiff moved the court to enter a special judgment, to be enforced by action upon the bond, against the defendant and his sureties, and *Putnam*, J., upon the above facts, (which were agreed in writing by the parties,) ordered a special judgment for the plaintiff, and the defendant appealed.

*C. W. Turner & H. R. Cheney*, for the plaintiff.

*C. G. Keyes*, for the defendant.

DEVENS, J. This case cannot be distinguished from *Carpenter* v. *Turrell*, 100 Mass. 450. It was there held that a discharge in bankruptcy was a bar to the further prosecution of a suit against the bankrupt commenced by attachment more than four months before the commencement of the bankruptcy proceedings, if the attachment was dissolved by giving bond under the Gen. Sts. *c.* 123, § 104, notwithstanding the provisions in the Bankrupt Act of 1867, *c.* 176, §§ 14–33, preserving the lien of an attachment made four months or more before the commencement of the bankruptcy proceedings, and continuing the liability of sureties after

the discharge in bankruptcy of their principal. The facts in the present case differ from those in the one cited only in this, that here the attachment continued in existence until after the defendant was adjudged a bankrupt, while in that the attachment had been dissolved by giving bond previous to such adjudication. Here, as in that case, the bond does not become of the nature of a debt until the contingency arises on which it is to be made operative, to wit, a judgment against the principal, which he is bound to pay, and which for thirty days remains unpaid. As we cannot now render judgment against the principal, the bond is discharged by the determination of the contingency upon which the obligation of the bond is made to depend.

The inquiry, whether the bond given by the defendant after his bankruptcy operated to dissolve the attachment, is not presented to us by this agreed statement of facts, which submits only the question whether a special judgment can be entered to be enforced by action upon the bond above named against the defendant and his sureties therein. In either aspect of the effect of the bond, a final judgment against the defendant is necessary, in order that it may be enforced, and that judgment the court cannot enter. Bankrupt Act, *supra*, §§ 21–34. If the bond did not operate to dissolve the attachment, it gave the defendant additional security only if final judgment against the defendant was obtained, and if it did dissolve the attachment, it would impose no greater obligations upon the principal and sureties than if given before the commencement of the proceedings in bankruptcy.

*Judgment for the defendant.*