SAMUEL T. KNAPP, et al., Respondents, *v.* ORRIN B. ANDERSON, et al., Appellants.

A discharge in bankruptcy of a judgment-debtor pending an appeal from the judgment, does not release the sureties to an undertaking, in the form required to stay execution, given upon the appeal.

*It seems,* that such an undertaking is not included in the provision of the Bankrupt Act (section 33, U. S. R. S., section 5118), declaring that no discharge granted under the act shall release one liable with the bankrupt for the same debt, as surety or otherwise; this only applies to sureties liable for the debts of the bankrupt existing before, and which would be discharged by the bankrupt proceedings, while the sureties to the undertaking do not become liable for the debt of their principal, and it does not become a debt until the happening of the contingency — *i. e.,* the affirmance of the judgment or dismissal of the appeal.

(Argued December 7, 1877; decided December 18, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiffs, entered upon an order sustaining a demurrer to defendants answer herein. (Reported below, 7 Hun, 295.)

This action was brought against defendants as sureties

upon an undertaking upon appeal from a judgment in favor of plaintiffs against one Henry S. Leszynsky.

The undertaking was that appellant would pay all costs and damages awarded against him on appeal, not exceeding $500; and in case the judgment appealed from was affirmed in whole or in part, or the appeal dismissed, that he would pay the amount directed to be paid. The defendants set up in their answer a discharge of the judgment-debtor in bankruptcy, after the rendition of the judgment and pending the appeal. Plaintiffs demurred on the ground that the answer did not state facts constituting a defense.

*Morris Goodhart*, for appellants. As the judgment against the bankrupt had been discharged, the judgment of affirmance could not be enforced against him, or against his sureties, on the undertaking given on appeal. (*Ruckman* v. *Cowell*, 1 N. Y., 506; *Page* v. *Cole*, 4 L. & Eq. [Mass.], 157; 40 Barb., 16; *Kœnig* v. *Stackle*, 58 N. Y., 477; *Holyoke* v. *Adams*, 59 id., 241; *Moore* v. *Paine*, 12 Wend., 126; *Clarke* v. *Rowling*, 3 N. Y., 216; *Monroe* v. *Upton*, 50 id., 595; *Poppenhausen* v. *Seely*, 3 Keyes, 150; *Carpenter* v. *Turrell*, 100 Mass., 450; *Payne* v. *Able*, 4 Bush. [Ky.], 220; *Williams* v. *Atkinson*, 36 Tex., 16; *Odell* v. *Wootten*, 38 Geo., 225; *Martin* v. *Kilbourn*, 1 Cent. L. J., 94; *Hinckley* v. *Kreitz*, 58 N. Y., 587; *Bildersee* v. *Ader*, 12 Abb. [N. S.], 324; *Reggin* v. *Maguire*, 8 B. R., 484.)

*John A. Mapes*, for respondents. The discharge of the bankrupt did not release his sureties. (Theob. on Prin. and Surety, 114, § 148; *Brown* v. *Carr*, 7 Bing., 508; *Ex parte Williamson*, 1 Atk., 82–84; *Beddome* v. *Holbrooke*, 1 Bos. & Pul., 450, note b; *Taylor* v. *Mills*, 2 Cowp., 525; *Ward* v. *Johnson*, 13 Mass., 152; *Langdale* v. *Parry*, 2 Dowl. & Ry., 337; *Tuck* v. *Fyson*, 3 Moore & Paine, 715; *Moore* v. *Waller's Heirs*, 1 A. K. Marsh, 488; *Goodwin* v. *Stark*, 15 N. H., 218; *King* v. *Central Bk.*, 6 Geo., 257; *Bond* v. *Gardner*, 4 Binney [Pa.], 269; *Citizens' Bk.* v. *Leming*, 8

Int. Rev. Rec., 132; *Garnett* v. *Rosser*, 10 Ala. [N. S.], 842; *Flagg* v. *Taylor*, 6 Mass., 34; *Holyoke* v. *Adams*, 59 N. Y. R., 233; *Peck* v. *Jenniss*, 7 How. U. S. R., 612; Hilliard on Bankruptcy, § 107; *Southcote* v. *Braithwaite*, 1 Term R., 624; *Hall* v. *Fowler*, 6 Hill., 620; Burge on Sureties, 293; Eden on Bankruptcy, 415.) The liability of the sureties was not affected by the fact that the discharge was granted before the affirmance of the judgment against the bankrupt. (Eden on Bankruptcy, 415; *Beddome* v. *Holbrooke*, 1 Bos. & Pul., 450, note b; *Goodwin* v. *Stark*, 15 N. H., 218; *Flagg* v. *Taylor*, 6 Mass., 34; *Garnett* v. *Rosser*, 10 Ala. [N. S.], 842; *Hall* v. *Fowler*, 6 Hill., 630; *Bond* v. *Gardner*, 4 Binney [Pa.], 269; *Holyoke* v. *Adams*, 59, N. Y. R., 233; *King* v. *Central Bank*, 6 Geo., 257; *Citizens' Bank* v. *Leming*, 8 Int. Rev. Rec., 132; Burge on Sureties, 293.) The debt itself was not extinguished by the discharge of the bankrupt. (Bankruptcy Act, §§ 5114, 5115; *Bowery Savings Bank* v. *Clinton*, 2 Sand. R., 113; *Goodwin* v. *Stark*, 15 N. H., 218; *Dusinbury* v. *Hoyt*, 53 N. Y., 523; *Scouton* v. *Eislord*, 7 J. R., 36; *Shippey* v. *Henderson*, 14 id., 178; *Trueman* v. *Fenton*, Cowp., 544; *Cornell* v. *Dakin*, 38 N. Y. R., 256; *Palmer* v. *Hotchkiss*, 1 Cow., 155; *Baker* v. *Taylor*, 1. Cow., 165; *Medbury* v. *Swan*, 46 N. Y. R., 203.) The plea of a discharge in bankruptcy is *personal* to the bankrupt himself, and can only be invoked by him. (*Beddome* v. *Holbrooke*, 1 Bos. & Pul., 450, note b.; *Goodwin* v. *Stark*, 15 N. H., 218; *Dewey* v. *Moyer*, 9 Hun [16 S. C. R.], 473–479.)

ALLEN, J. The defendants did not, by their undertaking, become liable for the debt of their principal, but their obligation was contingent and incident to the legal proceedings for the payment of the judgment that might be rendered upon the appeal. It did not become a debt until the happening of the contingency named, and is not, therefore, within the saving provisions of section 33 of the United States Bankrupt Act of 1867. That section only applies to sureties liable for the debts of the bankrupt existing before,

and which would be discharged by the bankrupt proceedings. (*Carpenter* v. *Turrell*, 100 Mass., 450; *Odell* v. *Wootten*, 38 Geo., 224.)

The defendants' liability rests upon the terms of their undertaking, rather than the clause of the bankrupt act referred to, which only has respect to those liable for the same debt, for or with the bankrupt, "either as partner, joint-contractor, indorser, surety or otherwise." The whole tenor of the act shows that this was designed to include only such debts as were provable against the bankrupt under the act. The defendants undertook, for the payment of all costs that might be awarded against Leszynsky, their principal, the appellant in the action on the appeal and the judgment appealed from, in case the same should be affirmed or the appeal should be dismissed. This was in compliance with the statute (Code, §§ 334, 335), and stayed all proceedings in execution of the judgment. The obligation became operative, and their liability fixed by the final judgment of the appellate court, affirming the judgment appealed from and awarding costs against the appellant.

The discharge of the appellant in bankruptcy, pending the appeal, did not release the sureties upon the appeal from their liability. The discharge did not affect the appeal or stay proceedings upon it, or prevent a judgment therein. (*Cornell* v. *Dakin*, 38 N. Y., 253.) If the appellant could have availed himself of his discharge to prevent a judgment and terminate the appeal and the action before judgment, or a dismissal of the appeal, the sureties would have been released, for the very obvious reason that the contingency upon which their liability was to be made operative could not arise. (*Carpenter* v. *Turrell*; *Cornell* v. *Dakin*, *supra*; *Poppenhausen* v. *Seely*, 3 Abb. Ct. of App. Dec., 615; *Odell* v. *Wootten*, *supra*; *Payne* v. *Able*, 7 Bush. [Ky.] 344; *S. C.*, 4 Bank. Reg., 220.)

Bail to the action may be released on motion if their principal is discharged from his debts before their liability is fixed as bail, for the reason that they may at any time sur-

render their principal, and as upon his surrender he would be entitled to his immediate discharge, to avoid circuity courts release bail without the formality of a surrender. But after their liability has become fixed, it is not released by the discharge of their principal.

Bail in error, or surety in an undertaking upon appeal, for the performance of the judgment that may be given by the appellate court, are not released from their obligation by the discharge in bankruptcy of their principal, pending the appeal, unless the discharge may be interposed to prevent judgment. (*Hall* v. *Fowler*, 6 Hill, 630; *Flagg* v. *Taylor*, 6 Mass., 34; *Burr* v. *Carr*, 7 Bing., 508; *Southcote* v. *Braithwaite*, 1 T. R., 624.)

Upon final judgment by the appellate court, the contingency arises, upon which, by the terms of their contract imposed by the statute as a condition of a stay of execution upon the judgment appealed from, their liability was to become absolute. To hold that they were released by the insolvency of the appellant, pending the appeal, would add another condition to the undertaking, not expressed in it or authorized by statute. Such a condition, inserted in the undertaking when given, would invalidate it, as not in conformity to the statute. It would also be a hardship upon the respondent in the appeal, as he, instead of the sureties, would be compelled to take the risk of the continued solvency and ability to pay of the principal, while by the stay, to indemnify against which the undertaking of the sureties is given, he is deprived of the opportunity of enforcing his judgment.

The judgment must be affirmed.

All concur.

Judgment affirmed.