# FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1902.

CHICAGO—FIRST DISTRICT—A. D. 1902.

## George W. Elder v. Eugene E. Prussing.

1. PRACTICE—*When the Plaintiff May Take Judgment with a Perpetual Stay of Execution.*—In this State the law permits a plaintiff to take judgment, with a perpetual stay of execution, against a defendant who becomes a bankrupt after having filed pleas upon the merits, and afterward interposes a plea of discharge in bankruptcy.

2. PLEADINGS—*Effect of Pleading a Plea Puis Darrien Continuance.* —A plea, *puis darrien continuance*, supersedes all previous pleas, and in effect, as a matter of law, admits the cause of action set up in the declaration.

3 SURETIES—*On Recognizances, Not Affected by the Bankruptcy of the Principal.*—The liability of a co-debtor with, or guarantor, or one in any manner a surety for, a bankrupt, is not affected by the discharge of a bankrupt.

4. SAME—*When the Surety May Defend in Equity.*—Whenever a judgment against the principal is the result of fraud or collusion, then the surety may make any defense in equity which the principal might have made in the original suit.

5. SAME—*When a Surety Will Be Justified in Applying to a Court of Equity for an Injunction.*—Any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but has been prevented by fraud or

(655)

accident, unmixed with any fault or negligence in himself or his agents, will justify his application to a court of chancery for an injunction.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed April 21, 1902.

FLOWER, VROMAN & MUSGRAVE, attorneys for appellant.

SIGMUND ZEISLER, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The appellee filed his bill against appellant, Robert S. Elder, Simcoe Chapman and H. Stuart Derby, by which an injunction was sought to prevent any personal judgment being taken in the case of George W. Elder against said Chapman in the Circuit Court of Cook County, which was a suit at law begun by attachment in that court on December 15, 1891, and from bringing any suit against appellee upon a certain recognizance given by him as surety in said attachment suit, until the further order of the court.

A preliminary hearing was had upon the verified bill, the joint and several answers of the two Elders, sworn to, and certain affidavits, which resulted in a temporary injunction, enjoining the appellant from taking judgment in the attachment, according to the prayer of the bill. From this order the appeal herein is taken.

From said pleadings and affidavits the following facts, in substance, appear, viz.: In December, 1891, the appellant brought suit by attachment in the Circuit Court of Cook County against said Chapman to recover from the latter the sum of $3,000, which it was alleged was due to appellant from Chapman for commissions and services rendered by the former for the latter, and for money advanced by appellant to and received by said Chapman. An attachment writ, issued in this cause, was levied on certain real estate of Chapman, who, in order to secure the release thereof from the attachment, entered into a recognizance

in said Circuit Court with said appellee as surety, which is as follows:

"And now comes the said Simcoe Chapman, as principal, and Eugene E. Prussing, as surety, and enter into recognizance herein in open court, whereby they, and each of them, for themselves, their heirs, executors and administrators, acknowledge themselves, jointly and severally, to owe and be indebted unto the said George W. Elder in the penal sum of $4,000, to be levied on their respective goods and chattels, lands and tenements, if default be made in the promises and conditions following, to-wit: The condition of which recognizance is such that if the said Simcoe Chapman shall pay to the said George W. Elder the amount of the judgment and costs which may be recovered against him in this suit, on a final hearing thereof, within ninety days after such judgment shall be rendered, then such recognizance to be void, otherwise to remain in full force and effect."

Upon the giving of this recognizance the attachment was dissolved.

Prior to the giving of the recognizance Chapman had filed a plea of the general issue with an affidavit of a meritorious defense to the suit. Before entering into the recognizance appellee was familiar with Chapman's defense upon the merits to the said suit, and before entering into the recognizance Chapman promised appellee to make all proper defenses to the suit and to protect appellee from any loss or liability on account of the recognizance, and to permit appellee to take charge of and control of the pleadings and management of the defense in the case, and in consideration of these promises appellee was induced to enter into the recognizance. He received no compensation for making the recognizance, and now has no indemnity nor means of recoupment against loss or liability on account thereof, except a right of action against Chapman in case appellee is compelled to pay the amount secured by the recognizance.

The cause was tried twice. On the first trial the plaintiff recovered a verdict of $500, but a new trial was granted. On the second trial the case was taken from the jury and a

judgment entered for the defendant, which was affirmed by
the Appellate Court (70 Ill. App. 288) but reversed by the
Supreme Court (176 Ill. 142). Thereafter, on March 19,
1900, said Chapman was discharged in bankruptcy by the
District Court of the United States for the Northern Dis-
trict of Illinois, and is not now a resident of the State of
Illinois.

May 9, 1901, by leave of the Circuit Court and by the
consent of appellant, said Chapman filed a plea in said
attachment suit, setting up his discharge in bankruptcy
March 19, 1900, and claiming such discharge as a bar to the
attachment suit. To this plea the appellant replied, admit-
ting the discharge in bankruptcy and setting up the attach-
ment, its levy, the giving and approval of said recognizance,
and praying judgment in such form that his rights and
remedy under the recognizance might be preserved and ren-
dered enforcible.

The filing of said plea of discharge in bankruptcy was in
violation of said Chapman's promises to appellee, and it
was filed without the consent and against the protest of
appellee.

After the filing of said plea of discharge in bankruptcy
and replication thereto, the attachment suit was heard by
the court without a jury, and the court rendered an opinion
after hearing arguments upon the questions of law presented
by the pleadings, to the effect, in substance, that the plaint-
iff in the attachment suit was entitled to a personal judgment
against said Chapman, but with a perpetual stay of execution
by reason of the bankruptcy of said Chapman. During the
hearing of the attachment cause a former partner of appel-
lee was present, and at the request of Chapman's attorney
took part in the argument of the case by presenting a
written brief, and there is some evidence that he argued
the cause orally, though this is denied. When the court
announced its decision as to what judgment should be
entered in the cause, he deferred the entry of judgment at
the request of appellee's said former partner until the latter
could communicate with appellee, who was then absent in

Elder v. Prussing.

Europe. As soon as appellee returned from Europe the bill in this case was filed, and after the hearing, as above stated, the temporary injunction was issued.

Allegations are made in the bill which, in our opinion, are supported by the preponderance of the evidence in the record, and establish, as we think, that said Chapman had a complete defense upon the merits to the attachment suit. He failed to make this defense, but instead, and in violation of his agreement in that behalf with appellee, without the consent and against the protest of appellee, interposed the plea of his discharge in bankruptcy. This plea being a plea *puis darrein continuance* superseded all previous pleas, and in effect, as matter of law, admitted the cause of action set up in the declaration. As a matter of course, the appellant, knowing of the bankruptcy of Chapman, the nature of his defense upon the merits, and relying upon the responsibility of appellee, would not be averse to the filing of such plea. The act of Chapman, because of his bankruptcy, however, permits appellant to take an unconscionable and inequitable advantage of appellee, under the law as announced in this State, which permits the plaintiff in a court of law in a case like this attachment suit, to take judgment with a perpetual stay of execution against a defendant who becomes a bankrupt after having filed pleas upon the merits, and subsequently interposes a plea of discharge in bankruptcy. (Hill v. Harding, 116 Ill. 93–8; same case, 107 U. S. 631, and 130 U. S. 699.) In this case there was a trial upon the merits before the bankruptcy of the attachment defendant, and a verdict rendered against him, the correctness of which verdict was not thereafter questioned.

The action of Chapman in this regard, too, is a fraud upon appellee, to permit which without allowing appellee to avail himself of a defense upon the merits that Chapman had to the attachment suit, is against conscience, and works a great injustice to appellee. To allow appellee to make the defense to appellant's claim in the suit at law which Chapman could have made and agreed with appellee that he would make, by means of a bill in equity, works

no injustice against appellant, and does not deprive him of any substantial right or remedy, to which, in fairness and equity, he is entitled.

By the terms of the recognizance appellee became liable to pay the amount of the judgment and costs which might be recovered against Chapman in the attachment suit within ninety days after the recovery of such judgment, unless he should pay the same. By Chapman permitting a judgment to go against him in the attachment suit to which appellee was not a party and in no way entitled to defend in his own behalf, appellee would become effectually bound by such judgment, in so far as concerns all defenses on the merits which Chapman had in that suit. This is true, notwithstanding Chapman's bankruptcy. Atkinson v. Foxworth, 53 Miss. 741–9; McCloskey v. Wingfield, 32 La. An. 38–43; Fusz v. Trager, 39 La. An. 292; Knapp v. Anderson, 71 N. Y. 466; Hall v. Fowler, 6 Hill, 630; Lee v. James, 150 Mass. 475.

There are decisions which hold that the discharge in bankruptcy of the principal, the defendant in a suit in which a bond or recognizance by the surety is given, prevents any judgment against the bankrupt and is therefore a complete defense to the surety when sued on the bond or recognizance. Hamilton v. Bryant, 114 Mass. 543; Cutler v. Evans, 115 Mass. 27; Odell v. Woolten, 38 Ga. 224; Martin v. Kilbourn, 12 Heisk. (Tenn.) 331; Williams v. Atkinson, 36 Tex. 16.

These cases hold that the surety is released upon the theory that since there can be no judgment against the bankrupt principal, the former is released from liability under the terms of his undertaking, which is to pay the judgment which may be recovered against the principal, if he fails to pay it. A different rule, however, obtains in this State. (Hill case, *supra*.) The discharge of the surety in such case also seems to be saved by the express provision of section 16 of the bankrupt act, which is, viz.:

"The liability of a person who is a co-debtor with, or guarantor, or in any manner a surety for, a bankrupt, shall not be altered by the discharge of such bankrupt."

See also, *Knapp* v. *Anderson*, 7 Hun, 296, affirmed in 71 N. Y. 466; *Holyoke* v. *Adams*, 10 Nat. Bk. Reg. (N. Y.) 270, and *Fisse* v. *Einstein*, 5 Mo. App. 78–90, which in effect hold to the same rule announced in the Hill case, *supra*.

Whenever the judgment against the principal is the result of fraud or collusion, then, in equity, the surety may make any defense which the principal might have made in the original suit.    *Fogarty* v. *Ream*, 100 Ill. 366–75; *Tracy* v. *Maloney*, 105 Mass. 90; *Cutler* v. *Evans*, 115 Mass. 29, and cases cited; *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 332–7; *Exrs. of Powers* v. *Adms. of Butler*, 3 Green's Ch. (N. J.) 465–470, and cases cited; *Freeman on Judgments*, Sec. 489 (2d Ed.), and cases cited; *Holland* v. *Trotter*, 22 Gratt. 136–41.

In *Vennum* v. *Davis*, 35 Ill. 568–74, the Supreme Court quote with approval the following language by C. J. Marshall from 7 Cranch, *supra*, to wit:

" It may safely be said that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery."

The doctrine here announced is approved in the New Jersey case cited, and also by Chancellor Kent, in substance, in *Lansing* v. *Eddy*, 1 John. Ch. Rep. 51.

Mr. Story, in his valuable work on Equity Jurisprudence, Sec. 885 (12th Ed.), says:

" The occasions on which an injunction may be used to stay proceedings at law are almost infinite in their nature and circumstances.    In general it may be stated that in all cases where, by accident or mistake or fraud, or otherwise, a party has an unfair advantage in proceedings in a court of law, which must necessarily make that court an instrument of injustice, and it is, therefore, against conscience that he should use that advantage, a court of equity will interfere and restrain him from using the advantage which he has thus improperly gained; and it will also generally proceed to administer all the relief which the particular

case requires, whether it be by a partial or by total restraint of such proceedings."

To a like effect is High on Inj., Sec. 47 (2d Ed.). The decided cases support in principle the text of these authors.

While in this case there is no direct evidence of fraud or collusion as against appellant, still by operation of law and the act of Chapman, appellant is endeavoring to procure a judgment against Chapman merely formal, so far as it concerns the latter, but which when obtained would preclude appellee from making the defense, when sued on the recognizance, which he here seeks to make. Such action of appellant is against conscience, and is a seeking by him of an unfair advantage against appellee, which should not be permitted. In the Hill case, *supra*, there was a trial upon the merits before the bankruptcy. In the other cases cited, in which it is held a judgment against the bankrupt principal binds his surety, judgment was obtained against him before his bankruptcy, or he confessed the justness of the plaintiff's claim. In no case to which our attention has been called, is it held that the surety is bound, irrespective of the justice of the claim against the bankrupt principal and without any adjudication of the merits as against the principal. Indeed, in the Holyoke case, *supra*, one of the grounds stated by the court for holding the surety liable was that the principal was "lawfully indebted to the plaintiff."

While we have been cited to no case, nor have we, in the time at our disposal, been able to find any decided case in all its facts like the one at bar, we think the general principles, so well stated by Chief Justice Marshall and Mr. Justice Story, above quoted, may be applied to the facts of this case and fully justify the action of the learned chancellor in issuing the injunction appealed from, until such time as there can be a hearing in the Chancery Court upon the merits of the defense which Chapman might have made to the attachment suit, but failed to make, in direct violation of his agreement so to do. To permit this appellant, by reason of the strict rules of law, to take the

Elder v. Prussing.

unconscionable advantage sought to be taken in the attachment case as against appellee, by proceeding to a judgment against Chapman without a trial on the merits, would, in our opinion, be a reproach upon the administration of the law.   We should, however, add that in so deciding, we are controlled by the special facts and circumstances in this case, and do not mean to cast any reflection upon the learned trial judge because of the conclusions reached by him in the attachment case.   The appellee was not a party to that case, and his rights, as here presented, could not be adjudicated on that hearing.

The contention of appellant that appellee had a remedy at law, is answered by the fact that Chapman is a non-resident; and although, if appellee should pay the judgment which might be rendered against Chapman, an action against the latter, who is a bankrupt, would be of little avail.   The bill states quite fully the facts upon which appellee relies for relief, and the chancellor may, after a hearing, administer relief to appellee, if found upon the evidence to be entitled thereto, upon equitable principles, without reference to any formal offer by appellee to do equity.   And in case the chancellor should find that appellee is entitled to no relief, he may, having the parties before the court, upon proper pleadings by appellant, proceed to dispose of all questions arising under the facts and do complete justice as to all the parties.

The further claim by appellant that appellee is estopped by his action, and that of his representative, McCulloch, in the attachment case, from preventing judgment in that case, is, in our opinion, untenable.   While it is true that appellee was interested in the result to be reached in that case, he was not a party, and it appears that Mr. McCulloch took no part in its hearing except at the request of Chapman's attorney, and in requesting the court to defer the entry of judgment until appellee, who was in Europe, could be notified.   Why these facts should work an estoppel, we are at a loss to perceive.

The order of injunction being, in our opinion, justified by the record, it is affirmed.