EVERETT HOUSE *et al.* Appellants, *vs.* LOUIS M. SCHNADIG, Appellee.

*Opinion filed June 18, 1908.*

BONDS—*surety on appeal bond is not liable for the debt—effect of discharge in bankruptcy.* The liability of a surety upon an appeal bond is not for the debt but is contingent upon the recovery of the judgment against the principal, and hence, on appeal from a judgment of a justice of the peace, if the principal subsequently obtains a discharge in bankruptcy which bars the action in the circuit court, the surety on the appeal bond is released.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. G. A. CARPENTER, Judge, presiding.

MUSGRAVE, PLATT & LEE, for appellants.

BENJAMIN SAMUELS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellants sued appellee before a justice of the peace in the city of Chicago on May 4, 1906, and on May 21 obtained judgment for $81.50 and costs. On the 31st day of May, 1906, appellee appealed the case to the circuit court, giving the usual bond, with security. On the 8th day of June, 1906, appellee filed a voluntary petition in bankruptcy in the district court of the United States for the Northern District of Illinois, and on October 5, 1906, obtained from the presiding judge of that court an order restraining appellants from proceeding in any manner with the prosecution of their suit. On the 24th of December, 1906, the appellants obtained from the United States district court an order modifying the restraining order of October 5 and allowing them to proceed to judgment but perpetually restraining them from taking out execution against appellee on said judgment, "so that the plaintiffs herein might as-

sert their rights against the surety on the appeal bond." The cause was thereafter tried by the court, a jury being waived, by agreement. Appellants introduced evidence to prove their claim in the sum demanded. Appellee offered in evidence a certified copy of his discharge in bankruptcy, and no other evidence. Thereupon appellants moved the court for judgment against appellee for $81.50 and costs, with a perpetual stay of execution. The court denied the motion and rendered judgment in favor of appellee and against appellants for costs. This judgment has been affirmed by the Appellate Court, and the case is brought here on appeal from the judgment of that court, a certificate of importance having been granted by the Appellate Court.

The real contention in this case is as to the effect of appellee's discharge in bankruptcy upon an appeal bond given by him in appealing the case from the justice of the peace to the circuit court. It is not contended by appellants that they were entitled to a judgment in the circuit court upon which an execution could issue, but their claim is that they were entitled to a judgment, with a perpetual stay of execution, in order to establish a liability against the surety on the appeal bond. This is, perhaps, a statement of appellants' object in seeking to secure such a judgment against appellee in more direct terms than is stated by them in their brief but is none the less a correct statement of the object of this litigation. It is assumed that in order to hold the appeal bond liable there must first be a recovery of a judgment against the principal of the bond. A judgment with a perpetual stay of execution could be of no value to appellants for any other purpose. It thus appears that while the liability of the surety on the appeal bond is not directly before us it is incidentally, and that is the principal object sought to be effected in this case.

The sixteenth section of the Bankruptcy act provides that "the liability of a person who is a co-debtor with, or guarantor, or in any manner a surety for a bankrupt, shall

not be altered by the discharge of such bankrupt." Appellants contend that the effect of the discharge of appellee in bankruptcy was not a satisfaction of the debt but operated to release or suspend the right of action against him personally therefor, and that such release could not affect his surety. Appellee's contention is that the surety on the appeal bond was not a surety for the debt; that the undertaking of the surety on the appeal bond was that if the principal did not prosecute his appeal with effect and pay whatever judgment might be rendered against him in the court to which the appeal was taken, or, in case the appeal was dismissed, pay the judgment rendered against him by the justice of the peace, the surety would pay it. In such case it is insisted the discharge in bankruptcy is a bar to the rendition of a judgment against the bankrupt, and the surety's liability not being for the debt but contingent upon a judgment being rendered against the principal in the bond, the discharge in bankruptcy released the surety. This position seems to be sustained by the weight of authority in other States where the question has been passed upon, and by text writers.

It is contended by appellants, however, that this court adopted a contrary rule in *Hill* v. *Harding,* 116 Ill. 92, which was affirmed by the Supreme Court of the United States in 130 U. S. 699. In that case creditors of Hill sued out an attachment and caused it to be levied on certain property belonging to him. For the purpose of releasing it from the levy, he, with certain sureties, entered into a recognizance conditioned that he would pay any judgment that might be rendered against him on a final trial. The attachment was thereupon dissolved and the property restored to Hill. That case was twice before this court and twice before the Supreme Court of the United States. Before the final judgment was rendered in the circuit court Hill was discharged in bankruptcy and presented to the court a certified copy of that order. It was finally held that, not-

withstanding the discharge in bankruptcy, plaintiffs were entitled to the judgment with a perpetual stay of execution. That case is distinguishable from the case at bar. Section 67f of the Bankruptcy act provides that "all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void, and the property affected by the levy, judgment, attachment or other lien, shall be wholly discharged and released from the same." In the *Hill case* the attachment was sued out more than four months prior to his filing his petition in bankruptcy. The attachment became a lien in favor of the attaching creditors upon a levy being made, and this lien would not have been affected by the bankruptcy proceedings. Its release was accomplished by the recognizance given in accordance with the provisions of the statute. In the case at bar the appeal bond was given on the 31st day of May, 1906, and the petition in bankruptcy was filed on the 8th day of June following. If appellants had secured a lien on property by an execution, or otherwise, at the time the appeal bond was given, it would have been rendered null and void by the bankruptcy proceedings. When *Hill* v. *Harding* was first before the Supreme Court of the United States (107 U. S. 631,) that court said: "If the discharge is granted, the court in which the suit is pending may then determine whether the plaintiff is entitled to a special judgment for the purpose of enforcing an attachment made more than four months before the commencement of the proceedings in bankruptcy, or for the purpose of charging the sureties upon the bond given to dissolve such an attachment." When the case was last before this court we said (p. 98): "If, on the other hand, Hill had received his discharge in bankruptcy, it was not the duty of the court to refuse to render a judgment of any character against him, but in that event the court might determine

whether the plaintiffs were entitled to a special·judgment for the purpose of preserving rights acquired in an action by attachment commenced more than four months before any proceedings were instituted in the bankrupt court." It will thus be seen that both courts based the right of plaintiffs to a special judgment upon the ground of necessity for preserving rights that had accrued more than four months before the bankruptcy proceedings were instituted.

The Appellate Court in its opinion in this case distinguished it from *Hill* v. *Harding* in the following language, which we adopt: "In that case (*Hill* v. *Harding,*) an attachment had been made of the defendant's goods more than four·months before the bankruptcy petition had been filed by him. The lien in favor of the attaching creditor would therefore have been valid as against the other creditors and the assignee in bankruptcy of the defendant. A bond to release the attachment under the statute had been given. By this the security of the bond had been substituted for what would have been the valid lien of the attachment. By pleading the discharge in bankruptcy the defendant sought to destroy the substituted security, which had already superseded, by force of the statute, the valid lien which was good against the bankruptcy proceedings. This the Supreme Court of Illinois refused him permission to do, directing the court below to enter a judgment against the bankrupt with a stay of execution, with the evident purpose of protecting what were plain equities of the attaching creditor, both under the State and Federal law."

The trial of the appeal in the circuit court was a trial *de novo,* and appellee was at liberty to offer any defense he had at the time of the hearing. His discharge in bankruptcy was a defense which, under the facts and circumstances of this case, we think entitled him to a judgment, and section 16 of the Bankruptcy act has no application.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*