## ALVATON MERCANTILE COMPANY *v.* CALDWELL *et al.*

1. When the defendant in an attachment replevies the property attached, by giving bond with security, conditioned to pay the amount of the judgment which the plaintiff may recover, the property attached is released from the lien of the attachment, the attachment is dissolved and is at an end, and the case proceeds as an ordinary suit at law.
2. If the debt which it is sought to enforce by the attachment is one provable in bankruptcy, and the defendant has been discharged as a bankrupt, he can plead his discharge and prevent the recovery of a general judgment against him.
3. If the defendant was adjudged a bankrupt within four months after the levy of the attachment, he can plead his discharge; and prevent any judgment, general or formal, from being rendered against him and his sureties; but when the defendant dissolves the attachment by giving bond with sureties, conditioned to pay the amount of the judgment which the plaintiff may recover, such bond takes the place of the attachment as security for the debt; and where the attachment debtor, more than four months after the levy of the attachment and the giving of such bond for its dissolution, is adjudged a bankrupt, and is thereafter discharged as such, the bankruptcy act does not prevent the State court from rendering judgment against him, with perpetual stay of execution, for the purpose of permitting the plaintiff to take judgment against the sureties on the dissolution bond. *Aliter,* if the attachment was levied and the bond to dissolve was given within four months of the adjudication of the principal a bankrupt.
4. Under the Civil Code (1910), § 5928, the court below can so mold its judgment as to do full justice to the parties, and to enable the plaintiff to enforce its right.

No. 3677.    SEPTEMBER 8, 1923.

The Court of Appeals requested instruction from the Supreme Court upon the following question involved in this case (No. 13886):

Where an attachment is levied and a declaration therein filed,

and the defendant files his counter-affidavit and a plea of not indebted, giving a replevy bond with sureties, conditioned to "pay the plaintiff the amount of the judgment and the costs that he may recover in said case," and where by virtue of the giving of such bond the defendant receives back the property levied on, are the sureties on the bond discharged as a matter of law, when it is made to appear that more than four months after the levy, and more than four months subsequent to the execution of the bond by virtue of which the defendant received possession of the property and the plaintiff lost his lien or inchoate lien thereon, the defendant was adjudged a bankrupt, and his discharge from a further prosecution of plaintiff's claim was pleaded in the attachment proceeding; or should the case proceed against the principal, despite such discharge, solely for the purpose of determining the amount of liability to be enforceable against the sureties on the bond? See, in this connection, *Langston* v. *Watts,* 142 *Ga.* 439 (83 S. E. 92), in which the question is expressly left an open one. See also Hill *v.* Harding, 130 U. S. 699 (9 Sup. Ct. 725, 32 L. ed. 1083), in which it is held that there is nothing in the bankrupt act to prevent a State court from rendering a judgment against such a principal, " with a perpetual stay of execution, so as to leave the plaintiff at liberty to proceed against the sureties." While cases involving the obligation of a surety to produce the property sued for may not be altogether analogous, see *Berry* v. *Jackson,* 115 *Ga.* 196 (41 S. E. 698, 90 Am. St. R. 102) ; *Steinhauer* v. *Adair,* 20 *Ga. App.* 733 (1, 2) (93 S. E. 280). But see *Rountree* v. *Rutherford,* 65 *Ga.* 444; *Rutherford* v. *Rountree,* 68 *Ga.* 725; *Odell* v. *Wootten,* 38 *Ga.* 224.

*McLaughlin & Jones,* and *Hall & Jones,* for plaintiff.

*H. A. Allen, J. F. Hatchett,* and *N. F. Culpepper,* for defendants.

HINES, J. The question propounded by the Court of Appeals was incidentally before this court in *Langston* v. *Watts,* 142 *Ga.* 439 (supra), but was not decided. It was expressly left open. It is true that when the defendant in an attachment replevies the property attached by giving bond with security, conditioned to pay the amount of the judgment which the plaintiff may recover, the property attached is released from the lien of the attachment, the attachment is dissolved and is at an end, and the case proceeds as

an ordinary suit at law. *Walter* v. *Kierstead,* 74 *Ga.* 18; *Wood-bridge* v. *Drought,* 118 *Ga.* 671 (45 S. E. 266).. If the debt which it is sought to enforce by the attachment is one provable in bankruptcy, and the defendant has been discharged as a bankrupt, he can plead his discharge and prevent the recovery of a general judg-ment against him. *Fort-Mims & Haynes Co.* v. *Branan-Akers Co.,* 140 *Ga.* 131 (78 S. E. 721). If the defendant was adjudged a bankrupt within four months after the levy of the attachment, he can plead his discharge and prevent any judgment, general or formal, from being rendered against him and his sureties; but where the defendant dissolves the attachment by giving bond with sureties, conditioned to pay the amount of the judgment which the plaintiff may recover, the bond takes the place of the attachment as security for the debt of the attaching creditor; and where the attachment debtor, more than four months after the levy of the attachment and the giving of bond for the dissolution of the at-tachment, is adjudged a bankrupt, and is thereafter discharged as such, the bankrupt act does not prevent the State court from ren-dering judgment against him, with a perpetual stay of execution, for the purpose of permitting the plaintiff to take judgment against the sureties on the bond given to dissolve the attachment. Hill *v.* Harding, 130 U. S. 699 (supra); Hill *v.* Harding, 116 Ill. 92 (4 N. E. 361); Holyoke *v.* Adams, 1 Hun (N. Y.), 223; U. S. Wind Engine &c. Co. *v.* North Penn. Iron Co., 227 Pa. 262 (75 Atl. 1094); McCombs *v.* Allen, 82 N. Y. 114; Kendrick *v.* Warren, 110 Md. 47 (72 Atl. 641); Smith *v.* Lacey, 86 Miss. 295 (38 So. 311, 109 Am. St. R. 707); Metcalf *v.* Barker, 187 U. S. 173 (23 Sup. Ct. 67, 47 L. ed. 122); Brown &c. Coal Co. *v.* Antezak, 164 Mich. 110 (128 N. W. 774, 130 N. W. 305, Ann. Cas. 1912B, 778); *Light* v. *Hunt,* 17 *Ga. App.* 491 (87 S. E. 763); Butterick Pub. Co. *v.* Bowen, 33 R. I. 40 (80 Atl. 277); In re Phillips & Co., 224 Fed. 628; In re Crafts-Riordan Shoe Co., 185 Fed. 931. One of the reasons for this rule is that the levy of an attachment creates a lien in favor of the creditor, which will not be disturbed or dis-placed by the bankruptcy of the debtor after the expiration of four months from its creation (Bankr. Act 1898, 30 Stat. 565, c. 541, § 67f); and as the bond to dissolve the attachment takes the place of such lien, while the principal will be released from pay-ment of the debt, his sureties will still be bound, under the provi-

sion of this act that " the liability of a person who is a codebtor with, or guarantor of, or in any manner a surety for a bankrupt shall not be altered by the discharge of such bankrupt." This is further in consonance with the principle that the discharge of the principal debtor under the bankrupt act, " which is beyond the control of the creditor and by force of the laws of the land," does not discharge the surety from the payment of an ordinary debt. *Phillips* v. *Solomon, 42 Ga.* 192.

The rule is otherwise when the attachment was levied and the bond to dissolve was given within four months of the adjudication of the principal a bankrupt. When the property of the debtor is attached and is released on bond less than four months before he is adjudged a bankrupt, and the debtor is subsequently discharged, the surety on the bond is released. Windisch-Muhlhauser Brewing Co. v. Simms, 129 La. 134 (55 So. 739) ; Stull v. Beddeo, 78 Neb. 119 (112 N. W. 315, 14 L. R. A. (N. S.) 507) ; Klipstein v. Allen-Miles Co., 136 Fed. 385 (69 C. C. A. 229) ; Crook Horner Co. v. Gilpin, 112 Md. 1 (75 Atl. 1049, 28 L. R. A. (N. S.) 233, 136 Am. St. R. 376) ; House v. Schnadig, 235 Ill. 301 (85 N. E. 395). There are authorities which hold, that, in attachment cases where the levies were made longer than four months before the debtors were adjudged bankrupts, the sureties on dissolution bonds were discharged by the discharges in bankruptcy of the principal debtors. Carpenter v. Turrell, 100 Mass. 450 ; Hamilton v. Bryan, 114 Mass. 543 ; Payne v. Able, 7 Bush (Ky.), 344 (3 Am. R. 316) ; Williams v. Atkinson, 36 Tex. 16. These decisions are based upon the reasoning that a bond to dissolve an attachment is conditioned to pay the judgment which the plaintiff may recover, that no judgment can be recovered against the principal debtor on a debt provable in bankruptcy after his discharge, and that as no judgment can be gotten against the principal, none can be had against the surety. The vice of this reasoning is that no judgment can be had against the principal. We have seen that, while a general judgment can not be rendered against the principal, a formal judgment with stay of execution may be given against him for the purpose of taking judgment against his sureties.

It is urged that this court, while it has not decided the identical question under consideration, has decided the governing principle, adversely to what we now decide, in *Odell* v. *Wootten,* 38 *Ga.* 224,

and in *Rountree* v. *Rutherford,* 65 *Ga.* 444. In the first of these cases an appeal bond was involved. The debt sued on in that case was one provable in bankruptcy. The case, after the appeal, came up for a de novo hearing. Pending the appeal the debtor was discharged in bankruptcy. He pleaded his discharge in defense of the action, and it was sustained, and no judgment on the appeal was entered against him. The court below held that this discharge of the principal discharged the security on the appeal, and to this ruling the plaintiff excepted and brought the case to this court. In construing the code section (now Civil Code (1910), § 5003). which requires the appellant to give bond and security for the eventual condemnation-money, and the section (now Civil Code (1910), § 5008) providing that the security shall be bound for the judgment on appeal, this court held, that, as no judgment was entered against the principal in the cause, no liability attached to the security. As the security on the appeal bond is only bound for the judgment on appeal, if there is no such judgment one can not be entered against him. In that case no lien acquired by the plaintiff was superseded by the giving of the appeal bond, as is the case where an attachment is dissolved by the giving of a bond. In that case the court further held the language of the bankruptcy act of 1867, " no discharge granted under this act shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, security or otherwise," " clearly contemplates a case where the security contracts to become liable with the principal for the payment of the debt," and has no reference to an appeal bond which renders the surety only liable for the judgment on the appeal. Besides, the language of the bankruptcy act of 1898 is different from the language quoted above from the act of 1867. The language of the act of 1898 is that " the liability of a person who is a codebtor with, the guarantor or in any manner surety for, the bankrupt shall not be altered by the discharge of the bankrupt." This language is much broader than that of the act of 1867.

In *Rountree* v. *Rutherford,* supra, a distress warrant was levied, and the defendant replevied the property by giving bond for the eventual condemnation-money. Within four months of the levy of the distress warrant the defendant was adjudged a bankrupt, and this court held that his discharge operated to relieve the surety

on his replevy bond. This ruling was based upon the provision of the bankruptcy act that all attachments, levies, and liens arising within four months of the adjudication of a debtor as a bankrupt are void. This ruling is in accordance with that which we make in this case. But the rulings in *Odell* v. *Wootten* and *Rountree* v. *Rutherford* were made prior to the interpretation put upon the bankruptcy act of 1867 by the Supreme Court of the United States in Hill *v.* Harding, supra, in which that court held that the discharge of the principal in an attachment bond did not release his security for the payment of the debt, where the attachment was levied more than four months before the debtor was adjudged a bankrupt. This ruling supersedes those of the two cases above referred to, if there is irreconcilable conflict between them. The Supreme Court of the United States held: "whether 'the judgment is defeated by the bankruptcy of the person for whom the obligation is assumed,' depends, not upon any provision of the bankrupt act, but upon the extent of the authority of the State court under the local law. Whether that authority is exercised under the settled practice of the court, as in Illinois, or only by virtue of an express statute, as in Massachusetts, there is nothing in the bankrupt act to prevent the rendering of such a judgment. . . The judgment is not against the person or property of the bankrupt, and has no other effect than to enable the plaintiff to charge the sureties, in accordance with the express terms of their contract, and with the spirit of that provision of the bankrupt act which declares that 'no discharge shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise.'" If this was true in the case of the bankrupt act of 1867, it is much more so under the broader terms of the bankrupt act of 1898, which we have quoted above.

We have not overlooked the fact that the Supreme Court of the United States in Hill *v.* Harding, supra, held that the right to a special or formal judgment against the principal in order to hold the sureties "depends, not upon any provision of the bankrupt act, but upon the extent of the authority of the State court under the local law." We have seen that the Court of Appeals in *Light* v. *Hunt,* supra, declared and sustained this right. It is within the power of the superior court, in a proper case, to mold the verdict

and judgment so as to do full justice to the parties. Civil Code (1910), § 5928. City courts can exercise this power. *Rylee* v. *Bank of Statham,* 7 *Ga. App.* 489 (2) (67 S. E. 383). Under this law, this right can be enforced. Kendrick *v.* Warren, supra. So we are of the opinion that the sureties on the attachment bond, under the facts recited, were not discharged as a matter of law by the discharge of their principal; and that the case should proceed to judgment against the principal, despite his discharge, with a perpetual stay of execution, so as to enable the plaintiff to recover against the sureties whatever amount is found against their principal.                                        *All the Justices concur.*