13886.  ALVATON MERCANTILE COMPANY *v.* CALDWELL *et al.*

JENKINS, P. J. Under the answers of the Supreme Court to the controlling questions in this case, certified to it by this court, where an attachment is levied and declaration filed, and the defendant files a counter-affidavit and plea of not indebted, and gives a replevy bond with sureties, conditioned to "pay the plaintiff the amount of the judgment and the costs that he may recover in the case," and by virtue of the bond receives back the property levied on, and where the attachment debtor, more than four months after the levy of the attachment and the giving

of the bond, is adjudged a bankrupt and receives his discharge, and such discharge is pleaded in the attachment proceeding, the bankruptcy act does not prevent the city court trying the cause from rendering judgment against the principal defendant, with perpetual stay of execution, for the purpose of permitting the plaintiff to take judgment against the sureties on the dissolution bond. "Under the Civil Code (1910), § 5928, the court below can so mold its judgment as to do full justice to the parties, and to enable the plaintiff to enforce its right." 156 *Ga.* 317. It was therefore error for the court below, passing on the law under the agreed statement of facts, to render judgment against the plaintiff, but a judgment should have been rendered for the plaintiff against the principal defendant, with perpetual stay of execution, for the purpose of taking judgment against the sureties on the replevy bond.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 15, 1923.

Attachment; from city court of Greenville—Judge McGraw. July 24, 1922.

*McLaughlin & Jones, Hall & Jones,* for plaintiff.

*H. A. Allen, J. F. Hatchett, N. F. Culpepper,* for defendant.