## 17405.   COATS *v.* CASEY.

1. The·charges complained of in divisions 1 and 2 of the opinion, and the refusals to charge as set out in divisions 3 and 4, do not show error.

2. The verdict is supported by the evidence, and the court did not err in refusing a new trial.

DECIDED JULY 20, 1926.

Complaint; from Richmond superior court—Judge A. L. Franklin. October 21, 1925.

*W. Inman Curry, H. A. Woodward,* for plaintiff in error.

*Pierce Brothers,* contra.

JENKINS, P. J.   Casey sued Coats for an amount due him on a contract for the sale of a stock of goods. He prayed for an in-

---

Appeal and Error, 3 C. J. p. 956, n. 45.

New Trial, 29 Cyc. p. 832, n. 60.

Receivers, 34 Cyc. p. 28, n. 64.

Trial, 38 Cyc. p. 1603, n. 59; p. 1617, n. 34; p. 1618, n. 36; p. 1619, n. 38; p. 1707, n. 98; p. 1749, n. 3.

junction and a receiver to take charge of said stock of goods and dispose of them, and make distribution of the proceeds between plaintiff and defendant according to their respective rights. Before the trial Coats gave bond with Antonakos as security, which in terms states that the bond is in lieu of the stock of goods, and that the security is bound to pay to the plaintiff the amount of any judgment obtained by the latter against Coats, or any amount that may be determined to be due by the adjustment of their differences. When the case was called for trial at the September term, 1921, of the superior court of Richmond County, Coats presented a motion to continue the case, or to stay the proceedings in the superior court for a sufficient time to permit the defendant to obtain his discharge in bankruptcy, alleging that he had already been adjudicated a bankrupt, but that he could not obtain his discharge until November, 1921, thereafter. He attached to his motion to stay the proceedings, as an exhibit, a certified copy of his adjudication as a bankrupt. He further alleged that the debt sued upon was a provable debt, and that the plaintiff, though having been notified, had failed to appear before the referee, etc. The court overruled the motion to stay the proceedings in the superior court. To this judgment there was no exception. The case proceeded to trial; the jury returned a verdict in favor of the plaintiff, Casey, against the defendant, Coats, for $542.28. The judgment of the court also provided "that in view of the fact that said B. F. M. Coats has plead his adjudication in bankruptcy, it is therefore ordered that the said plaintiff, the said W. L. Casey, be and he is hereby permanently enjoined from seeking to enforce any fi. fa. or execution issuing upon this judgment, against the said B. F. M. Coats, but this is not to interfere with the enforcement of said fi. fa. against the surety on said bond." The defendant made a motion for new trial, and subsequently amended the same. To the judgment overruling this motion the defendant excepted. The case, originally brought to the Supreme Court, has been transferred by it to this court.

1. Ground 4 of the motion for new trial complains of the following charge to the jury: "This matter was in the hands of the court under an equitable petition, and a receiver had been appointed, when the defendant came forward and gave bond for the condemnation-money—for the judgment that might be rendered

in that case, and Gus Antonakos went on the bond." The criticism of this charge is that the jury was misled into believing that the case was no longer in the hands of the court under an equitable petition, and that the giving of the bond had the legal effect of converting the suit in equity to an action at law for a specific sum of money and adding Antonakos as a new party; and further that the court overlooked the fact that the bond given had never been ordered by the court, and that it was nothing more than a voluntary bond on the part of the defendant, and that the same could not be enforced as a statutory bond. It is also contended that the court overlooked the fact that it had already appointed a temporary receiver to take charge of the property in controversy, and that no order had been passed by the court modifying or revoking this order, and that the bond actually given was subsequent to the appointment of the temporary receiver and before the date fixed for a hearing under the original rule to show cause, and before the decision of the trial judge was rendered on the rule to show cause. These criticisms are without merit. The court in this charge was merely giving a history of the case, and we do not think the language used by the court was calculated to mislead the jury; and the fact that the court had appointed a temporary receiver to take charge of the property would not relieve the surety from liability on the bond which he had voluntarily given.

2. Error is assigned upon the following charge to the jury: "I charge you that if the plaintiff has borne the burden which the law places upon him of sustaining his contention by the greater weight of creditable [credible] testimony, then your verdict should be for him in some amount, and that amount ought to be rendered against the surety on the bond." It is insisted that the court overlooked the fact that the bond in the case was not a statutory bond, but simply a voluntary or common-law bond, and that it could not have had the effect of converting an equitable suit into a common-law action for money, nor could it have given the plaintiff the right to enter up judgment against the surety at the same time judgment was entered against the defendant. We are of the opinion that the charge is not open to this criticism, and did not mislead the jury into believing that the surety had come into court and by giving the bond "defeated the court in appointment

of a receiver." Nor is the charge subject to the criticism that the court did not instruct the jury that the burden was on the plaintiff to establish his case by a preponderance of the evidence; nor for any other reason assigned.

3. The court did not err in failing to charge the jury that if they found from the facts that the defendant, B. F. M. Coats, replevied the property that had been put in the hands of a temporary receiver, by giving bond with security, conditioned to pay the judgment that might be rendered in this case, the property held by the receiver was released from any lien that might have otherwise been created by the appointment of the receiver, and the case then proceeded by the terms of the bond as an ordinary action at law. This failure to charge is not error. Such instruction would not have been a proper charge under the facts of the case.

4. It was not error, for any reason assigned, for the court to fail to charge the jury that the debt sought to be enforced in this case is one provable in bankruptcy, and if the defendant was adjudged a bankrupt within four months after the placing of his property in the hands of the temporary receiver, he can plead such adjudication in bankruptcy and prevent any judgment, general or formal, from being rendered against him and his surety. No evidence showing an adjudication in bankruptcy of the defendant was introduced on the trial. The only reference to it. in the brief of the evidence is where the defendant testifies: "I went into bankruptcy. Gus put me in the hands of a receiver for rent;" but this evidence does not show anything except perhaps that the defendant had filed a petition in bankruptcy. It can not be said from this that the defendant had been adjudicated a bankrupt, and certainly it does not show a discharge in bankruptcy. A motion was made by the defendant to stay the proceedings until the defendant could be discharged in bankruptcy. This motion was overruled by the court, and to this judgment no exception was taken. There was no evidence to authorize the court to charge the jury as insisted. If this ground of the motion for a new trial is intended as an exception to the judgment overruling the motion to stay the proceedings, it can not be thus excepted to in a motion for new trial. See 8 Cum. Supp. Enc. Dig. Ga. Rep. 856 et cit. On the general subject of discharge of the principal in bankruptcy,

see 21 R. C. L. 1066, § 108 et seq.; *Alvaton Mercantile Co.* v. *Caldwell,* 156 *Ga.* 317 (119 S. E. 25).

> *Judgment affirmed. Stephens and Bell, JJ., concur.*