JOHN C. SHORT *et al.*

*v.*

WILLIAM W. RAUB.

1. CHANCERY—*bill, as to incorporation of a defendant.* On bill to foreclose a mortgage given for the purchase money of land sold, where a foreign corporation, subsequent to the mortgage, acquired some interest in the property by a certain name, it is sufficient to make such corporation a party in the name it acquired the interest, and it is not necessary to aver that such party is a corporation, no personal decree being sought against it.

2. PARTY IN CHANCERY—*wife of mortgagor, on bill to foreclose.* The wife of a mortgagor, where the mortgage is given for the purchase money of land sold, is not a necessary party to a bill to foreclose the mortgage.

3. PRACTICE IN SUPREME COURT—*error not affecting party.* A party in this court can only complain of an error which affects his own interests. Therefore, on bill to foreclose a mortgage, a party can not complain that another, who makes no objection, was not properly brought into court by publication.

APPEAL from the Circuit Court of Vermilion county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. HENRY & PENWELL, for the appellants.

Messrs. EVANS & SWALLOW, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by appellee against John C. Short, The Paris and Danville Railroad Company, and The New York State Loan and Trust Company, for the purpose of foreclosing a mortgage on certain lands, executed by Short to appellee, to secure the payment of the purchase money for which the lands had been sold. John C. Short interposed a demurrer to the bill, which the court overruled. The other defendants did not appear. A default and decree *pro confesso* was taken as to them. Upon overruling the demurrer, the defendant Short having failed to put in a further answer to the bill, the court, upon the hearing, rendered a decree as prayed

for in the bill, to reverse which the defendants Short and The Paris and Danville Railroad Company have brought this appeal.

It is first urged by appellants, that the court erred in overruling the demurrer to the bill.

The demurrer does not point out the defects in the bill, but, in the brief of appellants, it is said the bill fails to aver that The New York State Loan and Trust Company is a corporation; and it is also claimed that Mary E. Short, wife of John C. Short, should have been made a party to the bill. It was no part of the object of the bill, to obtain a judgment or personal decree against The New York State Loan and Trust Company, but the company was made a party defendant for the reason that it claimed some interest in the premises, which had been acquired subsequent to the lien of the complainant.

We perceive no necessity for the averment that the company was a corporation. The company, by the name and style described in the bill, had acquired some interest in the premises. It was proper to make it a party defendant by that name. Whether it possessed corporate powers or what the extent of those powers might be, was a question of no importance in a proceeding of this character.

As to the other objection to the bill, we perceive no reason why Mary E. Short should be made a party to the bill. The mortgage was given to secure the payment of the purchase money. Should the lands be sold to satisfy the mortgage, and not be redeemed, the wife of Short could assert no claim to the lands while he lived, and would have no right of dower therein after his death. She, therefore, had no interest, and was not a proper or necessary party to the bill. *Stephens* v. *Bicknell*, 27 Ill. 444.

It is also urged by appellants, that the affidavit of non-residence of The New York State Loan and Trust Company is insufficient, and that the publication notice is defective.

Whether these proceedings are defective or not, it is not necessary to determine, as that question does not concern the appellants to this record. If any error has been committed, it

only affects the rights of The New York State Loan and Trust Company, and so long as that company does not complain others ought to be satisfied.

This court has often decided, and the rule is well settled, that a party can only complain of an error which affects his own rights.

As we perceive no error in the record, the decree will be affirmed.

*Decree affirmed.*