GEORGE W. HILL

*v.*

GEORGE F. HARDING *et al.*

*Filed at Ottawa January 25, 1886.*

1. BANKRUPTCY—*proceeding in State court pending application in bankruptcy—judgment after discharge.* Where, after verdict and before judgment, in a cause pending in a State court, the defendant files his petition in bankruptcy, the court in which the prior action is pending, on the filing of a certificate of his having been adjudged a bankrupt, on motion of defendant, should stay further proceedings until the bankrupt court passes upon his discharge, and on the discharge being shown, render judgment on the verdict against the defendant, with a perpetual stay of execution.

2. And where a judgment of the circuit court is reversed for error, in refusing a motion to stay further proceedings, after verdict rendered, until the question of the defendant's discharge in bankruptcy shall be decided, and remanded with direction to enter a special judgment on the verdict if it shall appear to the satisfaction of the court the defendant had been discharged by the bankrupt court with a perpetual stay of execution, there will be no issue of fact to try, and it is not error to refuse leave to the defendant to file a plea of his discharge. His discharge may be shown without any plea of that fact.

3. EVIDENCE—*as to fact not disputed.* Where a defendant's discharge in bankruptcy is not disputed, it matters not whether a copy of such discharge given in evidence is properly certified or not.

4. PRACTICE—*reversal as to matters occurring after verdict—effect on the verdict itself.* The reversal of the judgment of the trial court for error in refusing a motion of defendant made after verdict, finding the issues for the plaintiff and assessing the damages, will not affect the verdict itself, the error having occurred after the rendering of it. The correction of the error will leave the verdict standing, and the proper judgment may thereafter be entered upon it.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. BRANDT & HOFFMAN, for the plaintiff in error:

If the sureties in the recognizance are compelled to pay this debt, Hill will be obliged to reimburse them, and thus be deprived of the benefit of his discharge in bankruptcy. *Page* v. *Russell,* 2 M. & S. 551; *Taylor* v. *Mills,* Cowper, 525; *Paul* v. *Jones,* 1 Durn. & East, 599; *Welsh* v. *Welsh,* 4 M. & S. 333; *Buel* v. *Gordon,* 6 Johns. 126; *Woodward* v. *Herbert,* 24 Me. 358; *Ellis* v. *Ham,* 28 id. 385; *McMullen* v. *Bank,* 2 Pa. St. 343; *Coke* v. *Lewis,* 8 id. 503; *Comfort* v. *Eisenbeis,* 11 id. 13; *Page* v. *Cole,* 123 Mass. 93.

Does the judgment against Hill, with perpetual stay of execution, render the sureties in the recognizance to dissolve the attachment, liable for the amount of the judgment, or can any judgment be rendered which will render them liable for the same? That the judgment makes them liable, see *Carpenter* v. *Turrell,* 100 Mass. 450; *Hamilton* v. *Bryant,* 114 id. 543; *Page* v. *Cole,* 123 id. 93; *Ray* v. *Wright,* 119 id. 426; *Bank* v. *Taylor,* 120 id. 124; *Bank* v. *Higgins,* 124 id. 115.

No personal judgment can be rendered against a defendant after his discharge in bankruptcy. *McKay* v. *Funk,* 37 Iowa, 661; *Bratton* v. *Anderson,* 5 S. C. 504; *Bank* v. *Taylor,* 120 Mass. 124; *Payne* v. *Able,* 7 Bush, 344; *Martin* v. *Kilbourn,* 12 Heisk. 331; *Odell* v. *Wooten,* 38 Ga. 224.

The court erred in refusing to permit Hill's plea of discharge to be filed. The plea presented a complete defence, and Hill had a legal right to file the same. *Fire Ins. Co.* v. *Trust Co.* 1 Bradw. 391; *Drake* v. *Drake,* 83 Ill. 526.

The court erred in admitting as evidence the paper purporting to be a copy of the discharge of Hill. The records of the United States courts are foreign records, and the verity of them must be tried by jury. *Baldwin* v. *Hale,* 17 Johns. 272; *Griswold* v. *Sedgwick,* 1 Wend. 126.

Mr. GEORGE F. HARDING, Mr. L. J. J. NISSEN, and Mr. WM. H. BARNUM, for the defendants in error:

The circuit court was bound by the directions of this court, and entered the judgment in accordance therewith. The discharge satisfactorily appeared by its production, and the admission of that fact by both parties, and hence there was no occasion for plea, jury, trial or verdict.

Aside from the mandate of this court, the refusal to allow the plea was a matter of discretion, and not the subject of review. *Holyoke* v. *Adams*, 59 N. Y. 239.

A bankrupt discharge is not a bar to any action in any stage, without being pleaded. *Holyoke* v. *Adams*, 59 N. Y. 239; *Cornell* v. *Dakin*, 38 id. 253; *Homer* v. *Spellman*, 78 Ill. 257.

If the defendant is too late to plead it, either originally or by amendment, the remedy is by motion for a perpetual stay of execution. *Monroe* v. *Upton*, 50 N. Y. 593.

The mandate of this court on reversal was an authoritative version of the Federal Supreme Court's opinion, which it translated into action. That action has been consummated conformably, and is, we submit, conclusive here, as elsewhere. *Boggs* v. *Willard*, 70 Ill. 316; *Newberry* v. *Blatchford*, 106 id. 592; *Siebold* v. *United States*, 12 Pet. 492; *Wadhams* v. *Gay*, 83 Ill. 250.

A general judgment, with perpetual stay of execution, will suffice to charge the sureties, without the enactment of a statute. *Holyoke* v. *Adams*, 59 N. Y. 234; *Monroe* v. *Upton*, 50 id. 593; *Hoyt* v. *Freel*, 8 Abb. Pr. (N. S.) 220; Bump on Bankruptcy, 687; *Bank* v. *Higgins*, 124 Mass. 115.

Where a case has been tried in this court, and remanded, with specific directions to do some act, the court below has no power to do anything but to carry out those directions. *Boggs* v. *Willard*, 70 Ill. 316; *Newberry* v. *Blatchford*, 106 id. 592; *Wadhams* v. *Gay*, 83 id. 250.

The certificate of the presiding judge never was necessary to the due authentication of the decrees and judgments of the Federal courts—least of all, in bankruptcy.  *Heath* v. *Hyde*, 87 Ill. 91; *Murray* v. *Murch*, 2 Hayw. (N. C.) 290; *Clayton* v. *Hamilton*, 37 Tex. 269; *Adams* v. *Lisher*, 3 Blackf. 243.

The act of Congress containing that provision among others, applies only to inter-State and territorial judgments, (1 Greenleaf on Evidence, sec. 504, *Ducommon* v. *Hysinger*, 14 Ill. 250,) and is not exclusive of any other mode of authentication which the States may think proper to adopt.  1 Greenleaf on Evidence, sec. 505.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action by attachment, brought in 1877, by defendants in error, in the circuit court of Cook county, against George W. Hill, to recover for services rendered as attorneys. The writ of attachment was levied on certain property belonging to Hill, and for the purpose of releasing it from the levy, as provided by section 15, chapter 11, of the Revised Statutes of 1874, he, with certain persons as sureties, entered into a recognizance conditioned for the payment of the judgment which might be rendered against him in the cause on a final trial thereof.   After entering into this recognizance the attachment was dissolved and the property restored to Hill, as provided by the section of the statute *supra*.   Upon a trial of the cause in the circuit court before a jury, on the 12th day of April, 1878, the jury found the issues for the plaintiffs, and returned a verdict in their favor for $3500.   The defendant entered a motion for a new trial.   On the 22d day of April, 1878, Hill filed his petition in bankruptcy in the District Court of the United States for the Northern District of Illinois, and on the 1st day of May following he was adjudged a bankrupt.   On the 7th of May he filed in this court a certifi-

cate that he had been adjudged a bankrupt, and on the 11th day of the same month he entered a motion for a stay of further proceedings in the cause until the court of bankruptcy should pass upon the question of his discharge. The circuit court denied the motion for a stay, overruled the motion for a new trial, and rendered judgment on the verdict. On appeal the judgment was affirmed in the Appellate Court, and the judgment of the Appellate Court was subsequently affirmed here. (See *Hill* v. *Harding*, 93 Ill. 77.) The construction of a statute of the United States being involved, the defendant, Hill, then removed the cause, by writ of error, to the Supreme Court of the United States, and the judgment of this court was reversed, (*Hill* v. *Harding*, 107 U. S. 631,) and the cause was remanded for further proceedings in conformity with the opinion. The order of reversal having been filed in this court on the 27th day of September, 1883, an order was entered reversing the former judgment of the circuit court, and the cause was remanded, and the circuit court was directed, if it was made satisfactorily to appear that since the rendition of the verdict Hill had received his discharge in bankruptcy, the circuit court should then enter judgment on the verdict theretofore rendered, with perpetual stay of execution. On the 24th day of November, 1883, the cause was re-docketed in the circuit court, and Hill appeared and asked leave to file a plea, in which he set up his discharge in bankruptcy. This the court denied, and the defendant excepted to the decision. The defendants in error then presented to the court what purported to be a certified copy of a certificate of discharge of plaintiff in error, Hill, in bankruptcy, granted by the District Court of the United States for the Northern District of Illinois, and the court, after denying Hill's request for a jury, and his request that the case should take its proper place on the docket, and wait its regular call for trial, entered a judgment on the verdict of the jury for $3500, with perpetual stay of execution.

We have been favored with an able and elaborate argument from counsel for plaintiff in error, in which it is claimed that the judgment rendered in the circuit court is erroneous. If the judgment rendered by the circuit court followed the mandate of this court, which was predicated upon the opinion of the Federal court, then the judgment will have to be affirmed. If, on the other hand, the judgment of the circuit court did not conform to the order reversing and remanding, it will have to be reversed.

It may be observed that the cause was not remanded to the circuit court for the trial of any issue or question of fact before a jury. This court had decided that the decision of the circuit court denying a stay of proceedings, to await the determination of the court in bankruptcy on the question of Hill's discharge, was proper. The writ of error brought before the Federal court for review that decision, and the Federal court held that the decision was erroneous, and reversed, and remanded for further proceedings in conformity to the opinion. In the opinion to which the proceedings were required to conform we find the following: "The stay does not operate as a bar to the action, but only as a suspension of proceedings until the question of the bankrupt's discharge shall have been determined in the United States Court sitting in bankruptcy. After the determination of that question in that court, the court in which the suit is pending may proceed to render such judgment as the circumstances of the case may require. If the discharge is refused, the plaintiff, upon establishing his claim, may obtain a general judgment. If the discharge is granted, the court in which the suit is pending may then determine whether the plaintiff is entitled to a special judgment for the purpose of enforcing an attachment made more than four months before the commencement of the proceedings in bankruptcy, or for the purpose of charging the sureties upon a bond given to dissolve such an attachment." 107 U. S. 633.

7—116 ILL.

There were directions to be followed after the cause was remanded and placed upon the docket for final disposition, and from those directions it seems plain that if it appeared that the bankrupt court had refused Hill's discharge, then plaintiffs in the action would be entitled to a general judgment against him for the amount the jury had found to be due them. If, on the other hand, Hill had received his discharge in bankruptcy, it was not the duty of the court to refuse to render a judgment of any character against him, but in that event the court might determine whether the plaintiffs were entitled to a special judgment, for the purpose of preserving rights acquired in an action by attachment commenced more than four months before any proceedings were instituted in the bankrupt court.

In the remanding order which this court entered for the direction of the circuit court, where a final disposition of the case was to be made, the order required that court to enter a special judgment on the verdict, if it appeared to the satisfaction of the court that Hill had been discharged, with a perpetual stay of execution. This, as we understand the opinion of the Federal court, was a full compliance with the directions of that court. But it is said in the argument, "if the sureties in the recognizance are compelled to pay this debt, Hill will be obliged to reimburse them, and will thus be entirely deprived of the benefit of his discharge in bankruptcy, if he has one." The sureties of Hill on his recognizance are not before the court, and it will be time enough to determine their rights and liabilities, and the rights and liabilities of Hill to them, when a proper case presents those questions for determination. The only question presented by this record is, whether the judgment rendered in the circuit court was the proper judgment to be rendered in the case.

Counsel for plaintiff in error, in their argument, ask this question: Does the judgment against Hill, with perpetual stay of execution, render the sureties on the recognizance to

dissolve the attachment, liable for the amount of said judgment, or can any judgment be entered which will render them liable for the same?—and it is insisted that this is a question it is necessary now to decide. We only regard it necessary now to determine what kind of a judgment was proper to be rendered. The ultimate effect of that judgment upon parties not before the court, we do not understand to be a question fairly presented by the record, and what might be said in this case upon that point would be *obiter dictum* in any subsequent suit or proceeding against the sureties.

It is also claimed that the court erred in refusing to permit Hill's plea of bankruptcy to be filed. The cause was not remanded for trial. That was not the object or purpose of the remanding order, so that no necessity existed for making any change whatever in the pleadings. The fact that Hill had received his discharge in bankruptcy, could be made to appear as well without pleading that fact as if a plea had been filed. Nor was there any fact to be tried by a jury, as claimed in the argument.

It is also claimed that the court erred in admitting in evidence the paper purporting to be a copy of the discharge of Hill in bankruptcy. The objection urged to the introduction of the evidence is, that the copy of the discharge was not properly certified. Whether the paper was properly authenticated or not, was a matter of little moment. It was a fact not in dispute, that Hill had received his discharge. Counsel for Hill undertook to plead the fact by special plea, and when the same fact was proven by counsel for defendants in error, without a plea, it is difficult to see upon what ground objection can be raised to the evidence. That Hill had received his discharge seems to have been conceded by both sides.

It is also claimed that the court erred in entering judgment against Hill. It is said that there was no verdict to enter judgment upon,—that it had been merged in judgment, and when that judgment was reversed, that ended both judgment

and verdict. It will be remembered that after the verdict was obtained, and before judgment upon it, Hill entered his motion for a stay of proceedings until the bankrupt court should pass on his discharge. This application the court denied, and this decision in the Federal court was held to be erroneous. Now, the correction of that error would leave the verdict standing as it was before the court overruled the application, and all the court had to do was to receive evidence of the discharge, and then render a proper judgment on the original verdict, which, as we understand the record, was the course pursued by the circuit court.

A motion was entered to dismiss the writ of error, but we perceive no merits in the motion. Whether the court erred in the rendition of the judgment, was a question which plaintiff in error had the right to present for determination.

The judgment will be affirmed.          *Judgment affirmed.*

This record was assigned to Judge DICKEY to prepare an opinion, but he failed to do so, and the cause was re-assigned at the November term, 1885.