Flack v. Moore.

## John Flack v. William A. Moore.

### Gen. No. 11,452.

1.   STAY ORDER—*when refusal to grant, upon application of one who
has filed his petition in bankruptcy, is not error.*   A defendant in a
judgment rendered by a justice of the peace who has appealed to the
Circuit Court and has filed his petition in bankruptcy, cannot complain
of the action of the judge of such Circuit Court in refusing to stay the
proceedings in such cause where, upon final hearing, he having in the
meantime been discharged as a bankrupt, he is granted a perpetual stay
of execution, inasmuch as the plaintiff is entitled to his remedy against
the surety upon the appeal bond.

2.   ERROR—*when, cannot be complained of.*   An appellant is not per-
mitted to take advantage of an error which does not injuriously affect
him.

Action commenced before justice of the peace.   Appeal from the Cir-
cuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge,
presiding.   Heard in the Branch Appellate Court at the October term,
1903.   Affirmed.   Opinion filed January 6, 1905.

**Statement by the Court.**   Appellee recovered a judg-
ment against appellant before a justice of the peace and
appellant took an appeal to the Circuit Court.   Pending
the appeal appellant was adjudicated a bankrupt in the
District Court of the United States.   He then moved that
the suit be stayed until the question of his discharge in
bankruptcy should be determined and the court overruled
his motion.   The trial resulted in a verdict against appel-
lant for $47.97.   His motion for a new trial was denied and
judgment entered on the verdict with an order that execu-
tion be perpetually stayed and that a writ of *scire facias*
issue against the surety in the appeal bond, and from that
judgment the defendant took this appeal.

THOMAS J. TALBOT, for appellant.

No appearance by appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

If the court had stayed the suit and the defendant had thereafter received his discharge in bankruptcy, the plaintiff would then have been entitled to proceed to judgment against him for the purpose of charging the surety in the appeal bond, but the defendant would have been entitled to an order for the perpetual stay of execution. If he had failed to obtain a discharge, the plaintiff would have been entitled to a general judgment against him. Hill v. Harding, 116 Ill. 92.

Appellant, by the perpetual stay of execution on the judgment in this case, has obtained all the relief he could have obtained had the suit been stayed until after his discharge in bankruptcy. Nothing is better settled than that one is not permitted in a court of review to take advantage of an error that does not injuriously affect himself. Bowman v. V. & C. Ry. Co., 102 Ill. 459; Short v. Raub, 81 Ill. 509.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*