CHARLES D. SMITH ET AL. *v.* JONES E. LACEY ET AL.

1. ATTACHMENT LIEN.  *Bankruptcy.  Discharge.  Effect.*

   A discharge in bankruptcy of the party principally liable does not preclude a creditor, whose attachment had been levied upon the property of the bankrupt, more than four months before bankruptcy proceedings, from entering such a qualified judgment against the bankrupt as will charge his sureties on a forthcoming bond, since the bankrupt act recognizes as valid attachments so levied and preserves the liability of sureties.

2. SAME.  *Effect of bond.  Code* 1892, § 147.

   Under the express provisions of Code 1892, § 147, the lien of an attachment is not affected by the execution of a bond conditioned to surrender the property to answer and abide the judgment of the court; or to pay and satisfy the judgment to the extent of the value of such property.

FROM the circuit court of, first district, Hinds county.

HON. ROBERT POWELL, Judge.

Smith and another, the appellants and cross-appellees, were plaintiffs, and Lacey, the appellee and cross-appellant, was defendant in the court below.  The other appellees were the sureties on Lacey's bond for the forthcoming of property levied upon under an attachment writ.  From the judgment rendered in the circuit court both parties appealed to the supreme court.

On May 8, 1901, a writ of attachment at the suit of plaintiffs against defendant, Lacey, was levied on some personal property by the sheriff.  The return of the sheriff made on the same day shows that the sheriff released the property and turned it over to Lacey, he having given a forthcoming bond for it, with Jones and Saunders as sureties, which bond was returned with the writ.  At the June, 1901, term of the circuit court judgment by default was rendered against the defendant on the attachment issue, fixing a lien on the property levied on, finding its value, and condemning it to be sold to satisfy the judg-

ment and costs.   On April 2, 1902, Lacey was adjudged a
bankrupt at Birmingham, in the state of Alabama, in the United
States district court; and at the June term, 1902, of the state
circuit court he suggested the fact that he had been declared a
bankrupt, and produced certified copies of the bankrupt pro-
ceedings, and filed them in the cause, and pleaded discharge in
bankruptcy.   Defendant and the sureties on his bond in the
attachment proceedings, then moved the court to discharge them
from liability and from the judgment against them, because of
the discharge in bankruptcy of Lacey.   The court sustained
this motion.   The trustee in bankruptcy was then made a party
defendant to the suit, and at the next term of the court judg-
ment was rendered against him.   Plaintiffs then moved the
court for a judgment against the trustee and the sureties on
the bond to produce the property, or pay the value thereof, to
extent of satisfying the judgment.   The court overruled this
motion.   From a judgment against the trustee defendant ap-
pealed to the supreme court, and plaintiffs appealed to the su-
preme court from the action of the court in not granting judg-
ment against the sureties on the bond.

*Williamson & Wells,* for appellants and cross-appellees.

A discharge in bankruptcy does not impair a valid lien ac-
quired more than four months before the filing of petition in
bankruptcy, and attachment liens so obtained are not imparied
by the bankruptcy proceedings.   Bankrupt Act 1898; 55 Atl.
Rep., 1046; *In re Rhenberg,* 94 Fed. Rep., 476; 1 Am.
Banker Rep., 627; *Reed* v. *Bullington,* 49 Miss., 223; *Gibson*
v. *Green,* 45 Miss., 210; *P. Dry Goods Co.* v. *Nelson,* 10 N.
Dakota, 580 (L. R. A., vol. 58, p. 771); *Hill* v. *Harding,* 130
U. S., 699; *Bank* v. *Elliott,* 109 Wis., 648 (N. W. R., 85,
417); *Leighton* v. *Helsy,* 57 Me., 85; *Evans* v. *Ransaville,* 115
Ga., 684; *Wilks* v. *Perkins,* 1 Woods, 383.

The bankrupt act deals with both debts and liens, and it is
well settled that a mere discharge of the debt in bankruptcy does

not, of itself, discharge the liens securing it. The lien, to **fail**, must be one that is stricken down by the terms of the bankrupt act.

A discharge in bankruptcy does not prevent the attaching creditor from taking judgment against the debtor in such limited form as may enable him to reap the benefit of his attachment. When the attachment remains in force, the creditor may have judgment against the bankrupt to be enforced only upon the property attached. *Hill* v. *Harding,* 130 U. S., 699 (32 L. ed., P. S. Rep., 725); *Bank of Commerce* v. *Elliott,* 109 Wis., 648 (L. R. A., vol. 58, p. 773); *Holland* v. *Cundiff,* 69 S. W., 737; *Gibson* v. *Green,* 45 Miss., 219; *Reed* v. *Bullington,* 49 Miss., 223.

*Green & Green,* for appellees and cross-appellants.

The court has expressly passed upon the question here involved where there was a bond similarly conditioned in *Goyer Co.* v. *Jones,* 79 Miss. (1901), 256, where the court said: "The bond stipulates only for payment of such judgment as may be rendered in the circuit court against M. B. Jones. In effect, it stipulates only to pay such valid judgment as the circuit court may render against M. B. Jones, and, as no valid judgment under his plea of discharge in bankruptcy could ever be rendered against him, the liability of the surety, R. A. Jones, is also determined, because the contingency upon which his liability depended can never happen." In *Wolfe* v. *Stix,* 99 U. S., 1, it is said: "The cases are numerous in which it has been held, and, we believe, correctly, that if one is bound as surety for another to pay any judgment that may be rendered in a specified action, if the judgment is defeated by bankruptcy of the person for whom the obligation is assumed, the surety will be released. The obvious reason is that the event has not happened on which the ability of the surety was dependent. Of this class of obligations are ordinary bonds in attachment suits to dissolve an attachment, appeal bonds, and the like."

This view of the law is supported by Collier. Collier's Bankr. (3d ed.), 180, 184.

There is not, and cannot in the nature of things be, any judgment against Lacey while the plea of bankruptcy, with the discharge therein granted, stands unreversed and consented to upon the face of the record.

WHITFIELD, C. J., delivered the opinion of the court.

The case of *Goyer Company* v. *Jones,* 79 Miss., 253 (30 South. Rep., 651), has no application here. That was a case of an appeal bond, and, of course, stood upon an entirely different principle from that occupied by the sureties in a forthcoming bond for attached property. The case is controlled in all its aspects by *Hill* v. *Harding,* 9 Sup. Ct., 725 (32 L. ed., 1083). The court say: "The question not then passed upon, and now presented, is whether, since he has obtained his discharge in bankruptcy, there is anything in the provisions of the bankrupt act to prevent the state court from rendering judgment on the verdict against him, with a perpetual stay of execution, so as to prevent the plaintiffs from enforcing the judgment against him, and leave them at liberty to proceed against the sureties in the bond or recognizance given to dissolve an attachment made more than four months before the commencement of the proceedings in bankruptcy. Such attachments being recognized as valid by the bankrupt act (Rev. St. of U. S., sec. 5044), a discharge in bankruptcy does not prevent the attaching creditors from taking judgment against the debtor in such limited form as may enable them to reap the benefit of their attachment. When the attachment remains in force, the creditors, notwithstanding the discharge, may have judgment against the bankrupt. . . . The judgment is not against the person or property of the bankrupt, and has no other effect than to enable the plaintiff to charge the sureties in accordance with the express terms of their contract, and with the spirit of that provision of the bankrupt act which declares that 'no dis-

charge shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise.' Rev. St. of U. S., sec. 5118; *In re Albrecht,* 17 N. B. R., 287 (Fed. Cas. No. 145); *Hill* v. *Harding,* 116 Ill., 92 (4 N. E., 361); *Barnstable Sav. Bank* v. *Higgins,* 124 Mass., 115."

Under Code 1892, § 147, the lien of the attachment was not displaced by the execution of the forthcoming bond. *Jacobson* v. *Horne,* 52 Miss., 186; *Robinson* v. *Soule,* 56 Miss., 551.

*Reversed and remanded.*