## Danforth Manufacturing Company v. M. L. Barrett & Company.

### Gen. No. 13,546.

JUDGMENT—*form of, where defendant in attachment, in whose interests forthcoming bond has been given, becomes bankrupt.* In an action of attachment in which a forthcoming bond has been given, a judgment should be entered against the defendant notwithstanding his prior bankruptcy, but the entry of the judgment should be accompanied by an order perpetually staying execution.

Action commenced before justice of the peace. Appeal from the County Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Reversed. Opinion filed December 24, 1907.

**Statement by the Court.** This action was commenced before a justice of the peace by appellee against appellant. Judgment was rendered by the justice against appellant for $192.34. The defendant, appellant here, prayed an appeal to the County Court, and on February 3, 1906, gave an appeal bond in the sum of $400 with surety, conditioned that if said Danforth Manufacturing Company shall prosecute its appeal with effect and shall pay whatever judgment may be rendered against it by the court upon trial of said appeal, or by consent, or in case the appeal is dismissed, or in case the matter in controversy is settled between the parties to the suit without a trial by the court appealed to, will pay the judgment rendered against it before said justice, and all costs occasioned by said appeal, then the above obligation to be void, otherwise to remain in full force and effect.

On the same day, February 3, 1906, a transcript of the proceedings before the justice of the peace was filed in the County Court. April 24, 1906, the appearance of M. L. Barrett & Co., a corporation—appellee— was filed in the County Court. A jury was waived and the cause was submitted to the court for trial, and the court found the issues for the plaintiff, appel-

lee, and assessed the plaintiff's damages at $192.34, and entered a general judgment against the defendant, appellant.

Appellee's evidence on the trial tended to show an account stated. This was not denied. Appellant introduced in evidence proceedings of the United States District Court in bankruptcy, showing a proper schedule of the claim sued on, and the discharge of appellant, pending the appeal in the County Court.

STEELE & THOMPSON, for appellant.

FREDERICK DUFFY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

It is admitted in argument by appellant that it is proper for a trial court to enter a judgment against a defendant with a perpetual stay of execution in order that the plaintiff in said judgment may enforce the same against the sureties on a bond given upon an attachment levied more than four months prior to the bankruptcy of the defendant, as held in Hill v. Harding, 116 Ill. 92, and Hill v. Harding, 130 U. S. 699. But it is contended on the authority of Goyer v. Jones, 79 Miss. 253, that this rule should not be applied where the plaintiff or claimant has acquired no lien under his judgment; and that there should be no judgment against appellant in this case because the sureties on the appeal bond are not liable.

On this record the sureties on the appeal bond are not before the court, and we cannot determine their rights and liabilities. It will be time enough to determine the question of their liability when a proper case is presented for our consideration involving that question. The only question here presented is whether, as between appellant and appellee, the general judgment entered by the County Court was the proper judgment to be rendered in the case. We think it was not. It deprives appellant of the benefit of its dis-

charge in bankruptcy proved by the evidence in the record.

The question then is, what is the proper judgment to be entered in this case, in view of the provisions of the bankruptcy act and the nature and conditions of the appeal bond given on the appeal from the judgment of the justice of the peace.

Section 16 of the bankruptcy act provides that, "The liability of a person who is a co-debtor with, or guarantor, or in any manner a surety for, a bankrupt, shall not be altered by the discharge of such bankrupt."

The condition of the appeal bond is given in the preceding statement. This bond was given before the proceeding in bankruptcy was commenced.

The question presented in Hill v. Harding, *supra,* was whether there is anything in the provisions of the bankrupt act to prevent a state court from rendering judgment against a bankrupt with a perpetual stay of execution against him, where a bond or recognizance had been given to dissolve an attachment made more than four months before the commencement of the proceedings in bankruptcy, thus leaving the obligee at liberty to proceed against the sureties, and it was held that the authority for such judgment depends upon the practice of the state court, and that there is nothing in the bankrupt act to prevent the rendering of such a judgment.

While conceding that the entry of such a judgment is the settled practice of this state, where a lien has been secured, as in Hill v. Harding, 116 Ill. 92, counsel for appellant contend there is no reason for it, and the practice should not be applied where the plaintiff or claimant has acquired no lien under his proceedings or judgment. We think this contention cannot be sustained.

There are decisions in other jurisdictions which hold that the discharge in bankruptcy of the principal, the defendant in a suit in which a bond or recognizance

by the surety is given, prevents any judgment against the bankrupt, and is therefore a complete defense to the surety when sued on the bond or recognizance, upon the theory that the surety is released from his undertaking because there can be no judgment against the bankrupt, but other authorities hold that by the provision above quoted of the Bankrupt Act the discharge of the surety is saved.

In Fisse, Assignee, etc., v. Einstein, 5 Mo. Appeals, 78, it is held that a discharge in bankruptcy of a judgment-debtor will not release his sureties on a bond for appeal from a justice of the peace, executed before the institution of the proceedings in bankruptcy; that the judgment debtor is liable on the judgment as soon as it is rendered, and when the surety signs the appeal bond he becomes liable with him for the same debt within the meaning of the bankrupt act. The following cases hold the same rule: Knapp v. Anderson, 7 Hun, 296, affirmed in 71 N. Y. 466; Holyoke v. Adams, 10 Nat. Bk. Reg. (N. Y.) 270; Elder v. Prussing, 101 Ill. App. 654. In Fisse v. Einstein, *supra,* it was said: "The extinction of the obligation, to be sure, extinguishes the liability of the surety when the debt is extinguished by the voluntary act of the creditor, but the surety is never released by causes, such as bankruptcy, which originate in the law, against the creditor's will. Phillips v. Solomon, 42 Ga. 197; Throb. on Prin. & Sur., Sec. 114."

In view of this question of the liability of the sureties on the appeal bond—a question not necessary for us to decide and which we do not decide—the proper judgment in this case is a special judgment against appellant for the amount due to appellee with a perpetual stay of execution. Such a judgment against appellant can work no harm to it, and will not interfere with any rights or privileges acquired by its discharge in bankruptcy. In Hill v. Harding, 130 U. S. 699, *supra,* it is said at page 703, speaking of a judgment with a stay of execution: "The judgment is not against the person or property of the bankrupt, and

has no other effect than to enable the plaintiff to charge the sureties, in accordance with the express terms of their contract, and with the spirit of that provision of the bankrupt act which declares that 'no discharge shall release, discharge or effect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety or otherwise.' "

Appellant cannot complain of such a judgment, because it would not injuriously affect it. Bowman v. V. & C. Ry. Co., 102 Ill. 459; Hill v. Harding, 116 *id.* 92; Flack v. Moore, 117 Ill. App. 551.

As said above, the judgment of the County Court is a general judgment. True, the bill of exceptions in the record contains a statement or recital that a perpetual stay of execution was ordered, but we cannot look to the bill of exceptions for the judgment. That appears in the common law record of the court alone, and the above recital in the bill of exceptions is without warrant in law, and does not affect the judgment which was in fact entered.

The judgment of the County Court is therefore reversed and a new judgment will be entered here' for one hundred and ninety-two dollars and thirty-four cents ($192.34) in favor of appellee and against appellant, with a perpetual stay of execution.

*Reversed and judgment here.*