## SANDERSON v. BUCKLEY.

### [72 South. 148.]

BANKRUPTCY. *Dissolution of attachment. Release of surety.*

Where a claimant of attached property took possession, and gave bond, the plaintiff in attachment was entitled to judgment against the claimant and the sureties on his bond, in spite of the intervening bankruptcy of the defendant in attachment.

APPEAL from the circuit court of Neshoba county.
HON. C. L. DOBBS, Judge.

Attachment by W. A. Sanderson against the Yellow Pine Lumber Company, began in the justice of the peace court, in which M. S. Buckley intervened as claimant on appeal to the circuit court from a judgment. For plaintiff, judgment for claimant was there rendered and plaintiff appealed.

This is a suit in attachment, and was begun by the appellant as plaintiff in the court of a justice of the peace against the Yellow Pine Lumber Company. Appellee filed claimant's issue for the property attached, and gave bond with sureties and took possession of the property. On the trial issue was joined between the plaintiff (appellant here) and the claimant (appellee here), and resulted in a judgment in favor of plaintiff against the claimant and his sureties, and an appeal was taken to the circuit court. Before the case went to trial in the circuit court appellee was adjudged a

bankrupt and discharged of all debts, and at the trial in the circuit court filed a plea setting up his adjudication as a bankrupt, and praying that he and the sureties on the claimant's bond be discharged from all further liability, which plea the court sustained, and the plaintiff appeals.

*Brantly & Richardson,* for appellant.

Cook, P. J., delivered the opinion of the court.

We think this case falls under the principle announced by this court in *Smith* v. *Lacey,* 86 Miss. 295, 38 So. 311, 109, Am. St. Rep. 707, and therefore must be reversed. The plaintiff in attachment was entitled to judgment against the claimant and the sureties on his bond, in spite of the intervening bankruptcy of the defendant in attachment. This is a contest between the claimant and the creditor, and does not affect the estate of the bankrupt.

*Reversed and remanded.*