Webster Manufacturing Company, Defendant in Error, v. Pike County Coal Company et al. John H. Coulter, Plaintiff in Error.

Gen. No. 37,414.

566

Opinion filed April 10, 1935.

ARTHUR A. BASSE, of Chicago, for plaintiff in error.

BLANKSTEN & LANSING, of Chicago, for defendant in error.

MR. JUSTICE HALL delivered the opinion of the court.

This is an appeal from a judgment against defendant, John H. Coulter, entered in the superior court of Cook county on October 28, 1933, for the sum of $24,086.95. The suit was brought against the three defendants upon five promissory notes executed by the Pike County Coal Corporation, and indorsed in blank by John H. Coulter and Robert A. McClevey. Coulter filed a plea with an affidavit of merits, and McClevey filed a plea and an affidavit in support thereof, in which he sets forth his discharge in bankruptcy on October 10, 1932. On the hearing, the court directed the jury to find for the defendant, McClevey, and against the Pike County Coal Corporation. The cause was submitted to a jury as to the claim against Coulter, and after consideration of the evidence submitted, the jury on October 18, 1933, returned a verdict for plaintiff and against Coulter for the sum of $24,086.95, upon which the judgment referred to was entered. The jury also returned a verdict in favor of defendant McClevey. On October 28, 1933, the suit was dismissed as to the Pike County Coal Corporation.

A. T. Perkins, president of the plaintiff company, testified to the effect that plaintiff is in the business of

manufacturing elevators, conveying machinery and other like articles, and that the Pike County Coal Corporation is in the business of mining coal; that Coulter was vice president of the Pike County Coal Corporation; that the notes in question were signed by the Pike County Coal Corporation, by Robert A. McClevey, president of such corporation, and indorsed by Coulter and McClevey. The notes were received in evidence, and are as follows:

| 1 note dated Dec. 6th, 1926 due 1-28 | after date for | $2,086.95 |
| 1 note dated Oct. 26th, 1927 due 90 days " " " | 4,000.00 |
| 1 note dated Oct. 28th, 1927 due 90 " " " " | 2,000.00 |
| 1 note dated Dec. 31st, 1927 due 120 " " " " | 8,000.00 |
| 1 note dated Dec. 31st, 1927 due 180 " " " " | 8,000.00 |

Perkins further testified to the effect that the notes had not been paid; that they were in the same condition as when they were signed by the parties; that when the notes became due, he called up the Pike County Coal Corporation's office and told McClevey that the notes were due, that he wanted them paid, and if they were not paid, he would have to protest them; that McClevey asked him not to have the notes protested; that as the notes came due, he spoke to McClevey about them and received practically the same answer; that later he talked to Coulter, and that Coulter requested the witness not to protest the notes; that after the last note became due on June 29, 1928, Coulter came to the office of the witness and told the witness that he should not worry, that he, Coulter, had guaranteed the notes, and that he would take care of them or pay them, and that the witness would hear from him, Coulter, in two or three days; that thereafter he had a talk with Coulter over the telephone and requested Coulter to talk to the treasurer and vice president of the plaintiff company, and that Coulter declined to do so, and told the witness that on the advice of his attorney, he might incriminate himself if he talked to these parties; that

thereafter in the Spring of 1929, the witness again talked to Coulter, and that Coulter stated that he, Coulter, thought he would be able to do something on account of these notes.

On cross-examination, this witness stated that none of the notes was protested for nonpayment; that when Coulter ordered the machinery for which the notes were given, plaintiff company refused to take the order until and unless the notes were guaranteed.

John H. Coulter, defendant, testified in substance that he was the president of the Pike County Coal Corporation; that the notes sued on were renewal notes; that no request was made upon him for payment of the notes; that he had no conversation with Mr. Perkins with reference to the payment of the notes; that he never was asked to and never agreed to pay the notes personally; that he never told Mr. Perkins that he might incriminate himself; that he might have had a conversation with Perkins in 1929, but that he had no recollection of it; that he told Perkins that the company was not able to pay, and that it was intended that a company be organized to take over the machines sold by plaintiff to the Pike County Coal Corporation, sell stock in said company, and with the proceeds derived therefrom, reduce the account owed the plaintiff.

Defendant, Coulter, insists that he was merely an indorser, and that his liability could not be enlarged to that of a guarantor by parol evidence; that the failure to give Coulter notice of the dishonor of the notes operated to discharge him from liability thereon; that the declaration does not state a cause of action upon a new promise of Coulter to pay the notes after he was discharged; that there is no evidence that Coulter knew the facts which operated to discharge him from liability as indorser at the time the alleged new promise to pay the notes was made, and that in the absence of such proof, the judgment against Coulter cannot be

sustained; that a new promise to bind Coulter must be clear and unequivocal; that the judgment against Coulter does not conform to the declaration, which states a joint cause of action in assumpsit against three defendants, and that recovery cannot be had against one, but must be against all or none.

The declaration is simple, and after setting forth the notes, alleges that they were signed by the Pike County Coal Corporation, and indorsed by Coulter and McClevey; that the notes were duly presented for payment, and due notice of dishonor given the indorsers; that demand was made upon them for payment, and that payment was refused. Plaintiff also declares upon the common counts.

At the close of all the evidence, and after a motion by Coulter to strike the evidence of Perkins as to Coulter's alleged new promise to pay, had been denied, the court permitted the plaintiff to file an amended declaration, in which a charge is made "that after the aforesaid notes became due and payable, the defendant, John H. Coulter, promised to pay the plaintiff the aforesaid notes."

Section 1 of "An Act to revise the law in relation to amendments and jeofails" (Cahill's Illinois Revised Statutes, 1931, ch. 7, ¶ 1) provides:

"That the court in which an action is pending shall have power to permit amendments in any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice on such terms as shall be just, at any time before judgment rendered therein."

In *Cogshall v. Beesley,* 76 Ill. 445, the Supreme Court said:

"This was an action of assumpsit, brought by appellee, in the circuit court of Mason county, against appellant and Francis S. Cogshall. A trial was had before a jury, which resulted in a verdict in favor of appellee

for $398.50. A motion was made for a new trial, whereupon appellee entered a motion to amend his declaration and dismiss as to Francis S. Cogshall, which the court allowed, and rendered judgment in favor of Francis S. Cogshall for his costs, against appellee. The court then overruled the motion for a new trial, and rendered judgment upon the verdict against appellant. The decision of the court in allowing the amendment to the declaration, and the dismissal of the suit as to Francis S. Cogshall, is assigned as error. The amendment allowed by the court was proper under the Practice Act. Revised Statutes of 1874, page 778, sec. 24." This case disposes of the question as to the right of the plaintiff to amend the declaration even after the verdict, and to dismiss the suit as to the Pike County Coal Corporation.

With reference to the action of the court in directing a verdict in favor of McClevey, our opinion is that the court had no choice in the matter. He had filed a plea setting forth his discharge in bankruptcy. The Supreme Court, in *Merrifield v. Western Cottage Piano & Organ Co.*, 238 Ill. 526, said:

"As has been repeatedly held, when an action is brought on a joint contract the rule is that the judgment must be rendered against all the defendants or none, (*Kingsland v. Koeppe,* 137 Ill. 334) unless a defense is interposed by one or more of the defendants personally, of such character as infancy, bankruptcy or the like, and then the defense must be alleged and proved. (*Byers v. First Nat. Bank of Vincennes,* 85 Ill. 423.)"

In *House v. Schnadig,* 138 Ill. App. 498, this court said:

"The National Bankruptcy Act in its first section expressly provides that the word 'discharge' as used in the act 'shall mean the release of a bankrupt from all of his debts which are provable in bankruptcy, ex-

cept such as are excepted by this Act.' Section 17 of the act provides that 'A discharge in bankruptcy shall release a bankrupt from all his provable debts,' with certain exceptions not relevant in this case. A discharge in bankruptcy must be pleaded, but where it is pleaded it is in bar, and a good plea in bar sustained by proof naturally entitles the defendant to a judgment of *nil capiat.*"

Section 108 of "An Act in regard to negotiable instruments payable in money," Cahill's Illinois Revised Statutes, 1931, ch. 98, ¶ 130, page 1957, provides that "Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied."

The question as to whether Coulter did or did not waive the protest of these notes was a question of fact upon which the jury had the right to pass. Perkins, the president of the plaintiff corporation, testified that he did, and Coulter denied such waiver. There were no other witnesses as to this particular matter. As the statute provides in terms that such notice may be waived expressly or impliedly, and in view of the fact that the jury passed upon the question and apparently held that he did waive it, we hold that there is nothing for this court to review as to that matter. The amended declaration charges in terms that Coulter made a new promise to pay after the notes had matured. The waiver of protest would be a sufficient consideration for this new promise, if made, and there is evidence to the effect that Coulter did make such new promise. There is nothing presented which would justify a reversal. Therefore, the judgment is affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.